## JOSIAH GOODING *vs.* JOHN SHEA.

A mortgagee out of possession and without a right to possession, cannot maintain an action of tort in the nature of trespass *quare clausum fregit* against a stranger for breaking and entering the mortgaged premises.

In an action of tort, the declaration alleged that the plaintiff was third mortgagee of a house; that the defendant forcibly entered the house and removed fixtures; and that by reason thereof the plaintiff's security was impaired. At the trial, it appeared that the plaintiff was out of possession, and had not the right of possession, and there had never been a breach of the condition of his mortgage; and that, since the alleged tort, he had bought in the second mortgage; and it did not appear that the first mortgagee had ever made any demand on the defendant, or authorized him to resist the plaintiff's suit. *Held*, that the plaintiff could recover the full amount of the damages caused to the estate by the removal of the fixtures, without regard to the sufficiency of his security, and although the mortgagor had sued the defendant for the same acts.

TORT. The first count in the declaration alleged that the defendant forcibly entered the plaintiff's close, being the dwelling-house numbered 8 on Brookline Street in Boston, tore out, took and carried away certain fixtures in said dwelling house, and converted them to his own use. The second count alleged that Hiram Curtis was the owner of said dwelling-house, " subject to two mortgages, one of $5000 and the other of $1000, and interest on the same, and the said Curtis conveyed the same to the plaintiff, subject to said mortgages, to secure the payment of $3000 and interest, before that time loaned and advanced to said Curtis by the plaintiff, and the defendant afterwards forcibly entered said dwelling-house and tore out, took and carried away " certain fixtures " in said dwelling-house, and converted the same to his own use, by means whereof the plaintiff's said security for his said loan was greatly lessened and destroyed." The third and fourth counts were like the first and second, except that " dwelling-house numbered 9 " was substituted for " dwelling-house numbered 8." Writ dated August 27, 1868.

At the trial in the superior court, before *Morton*, J., without a jury, the following facts appeared : Curtis, being owner of both said houses, on September 16, 1867, mortgaged them to the Mechanics' Savings Bank of Lowell, each by a separate deed, and each to secure the payment of $5000 in six months from date ; on February 7, 1868, he mortgaged them to Mary A. Lewis, each by a separate deed, and each to secure the payment of $1000 in four months from date ; and on April 18, 1868, he mortgaged them to the plaintiff, each by a separate deed, and each to secure the payment of $3000. Each of these six mortgages contained a provision that until breach of condition the mortgagee should have no right to take possession. On June 20, 1868, the defendant entered the premises and tore away and removed water pipes and other fixtures attached to the realty; at which time the premises were in the possession of the mortgagor, and there had been no breach of the condition in the mortgages to the plaintiff. On July 11, 1868, the plaintiff took an assignment from Mary A. Lewis of the two mortgages to her; on July 30, 1868, entered to foreclose ; and on August 28, 1868, sold the houses under powers of sale contained in the said two mortgages, bought them in himself for $2000 each, and had subsequently conveyed one of them for $9400 by a warranty deed, and still held the other, which was of equal value. Since the alleged trespass, Curtis had been adjudged a bankrupt, and his assignee had brought suit against the defendant for the same trespass.

The defendant contended that, on these facts, the plaintiff could not maintain this action, and, even if he could, still * if, on the evidence, the houses were of sufficient value over and above all prior incumbrances to pay the plaintiff his whole debt, he could recover in this suit only nominal damages, or only such sum as he had, by reason of the trespass, lost on his security, as the trespass was in the nature of strip or waste, and an injury to the freehold. But the judge ruled that the plaintiff might recover the full amount of the damages to the estate by the alleged trespass ; and that the defendant could not go into the state of accounts between mortgagee and mortgagor; and found

for the plaintiff for the full amount of all damage caused by the trespass." The defendant alleged exceptions.

*C. T. Russell*, for the defendant.

*A. F. L. Norris*, for the plaintiff.

WELLS, J. There are two counts in the declaration relating to each lot of land and dwelling-house. The plaintiff is third mortgagee of each parcel, by separate mortgages, containing a clause against taking possession until breach. There had been no breach at the time of the alleged tort.

The first count, relating to each parcel, is in the nature of trespass *quare clausum fregit*, and cannot be maintained, because of the want of possession or right of possession at the time of the alleged trespass. *Page* v. *Robinson*, 10 Cush. 99. *Woodman* v. *Francis*, 14 Allen, 198.

The second count in each case sets forth the actual condition of the title, and alleges that the defendant "forcibly entered said dwelling-house" and removed certain fixtures, "by means whereof the plaintiff's said security for his said loan was greatly lessened and destroyed." We do not think this count sets forth the entry as a violation of the plaintiff's possession, or possessory right; but only as the means by which an injury was caused to his mortgage security.

No question is raised here in regard to the liability of the defendant to some one for the fixtures so removed. The points of the defence are, that the mortgagee in possession can alone recover; or, if either mortgagee may do so, it must be the first mortgagee only.

The mortgagor might undoubtedly maintain an action of trespass; and damages for the unlawful removal of fixtures would be recoverable in such action by way of aggravation. *Earle* v. *Hall*, 2 Met. 353. For the removal of crops, or other property connected with the land, which the mortgagor himself might have removed, his right of recovery would be exclusive. *Woodward* v. *Pickett*, 8 Gray, 617. But fixtures he could not himself remove, against the right of the mortgagee, nor permit to be removed; nor can he have any right to withhold the compensation or damages for them from the mortgagee, in whom the

legal title is. The mortgagee may recover their value against the mortgagor or any other party who may be responsible for their removal. *Cole* v. *Stewart*, 11 Cush. 181. Such right to recover depends upon the title, and not upon possession, or the right of present possession, of the land. The right of present possession only affects the form of action in such case. Although the mortgagor in possession may recover, in an action of trespass, for the value of fixtures removed by a stranger to the title, his right to their value is subordinate to that of a mortgagee, and therefore cannot be set up by the defendant to defeat a recovery for the same by such mortgagee. The mortgagor's right of action, based upon his possession, does not depend upon, nor necessarily include, the right to recover for the aggravation by removal of fixtures. *Phelps* v. *Morse*, 9 Gray, 207. The right to recover the value of the fixtures is separable from that to recover for " breach of the close." *Bickford* v. *Barnard*, 8 Allen, 314. It is incidental only to the action of trespass. But, as the injury affects the estate, it may be sued for directly by any one in whom the legal interest is vested. A second or third mortgagee, though not in possession, has a sufficient interest in the estate to maintain an action for such an injury. Although it is true that a stranger may thus be liable to either of the several mortgagees, as well as to the mortgagor, it does not follow that he is liable to all successively. The superior right is in the party having superiority of title. But the defendant can resist neither, by merely showing that another may also sue, or has sued. If he would defeat the claim of either, he must show that another, having a superior right, has appropriated the avails of the claim to himself. The demand is not personal to either mortgagee, but arises out of and pertains to the estate ; and, when recovered, applies in payment, *pro tanto*, of the mortgage debt, and thus ultimately for the benefit of the mortgagor, if he redeem. It differs in this respect from the claim for insurance in *King* v. *State Insurance Co.* 7 Cush. 1, cited by the defendant. The defendant has the same means of protection against four judgments that any one has who is liable, for the same cause, to either of several parties

having different or successive interests in the subject matter. Due satisfaction will discharge all the claims, if made to a party having the prior right. But neither can be defeated without some appropriation of the claim to the use of him who holds a prior right. Thus it is no defence to this suit, that the mortgagor has also a right of action; nor even that he has brought such an action; because the right of the plaintiff is superior to that of the mortgagor. A superior right in Mary A. Lewis will not avail, as the plaintiff has since become the owner of that title. Nor is the existence of a superior right in the savings bank, as first mortgagee, a defence. The defendant shows no satisfaction of that claim, no demand made upon him by the savings bank, and no authority or right from the bank to resist the claim of the plaintiff here, in behalf of or for the benefit of the first mortgagee.

It is not contended that the plaintiff's mortgage has been satisfied and discharged by the proceeds of the sale under the power of sale in the Lewis mortgage. The correctness or fairness of those proceedings, and the responsibility of the plaintiff for the full value of the property, or the amount realized upon the second sale, may be open to the representatives of the mortgagor in a suit therefor; but this defendant is not in such privity as to be entitled to inquire into the relations or the state of the account, so far as it depends on equitable considerations, between the mortgagor and mortgagee.

The right of the plaintiff to recover in this action does not depend upon the sufficiency or insufficiency of his security. Until his whole debt is paid, he cannot be deprived of any substantial part of his entire security without full redress therefor. Upon the facts reported, we are satisfied that the ruling of the judge who heard the case, allowing the plaintiff the full amount of the damages to the estate caused by the removal of fixtures, was correct. *Exceptions overruled.*