## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

### JOHN E. HANLY *vs.* GEORGE C. DAVIS.

Suffolk. November 18, 1895. — April 11, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Attachment of Mortgaged Goods — Conversion — Measure of Damages.*

If mortgaged goods are attached as the property of the mortgagor, and the officer does not comply with a demand duly made upon him by the mortgagee, and neither the officer nor the attaching creditor pays or tenders anything to the mortgagee, and does not restore the property as provided by Pub. Sts. c. 161, § 75, in an action of tort in the nature of trover the mortgagee is entitled to recover of the officer the full value of the goods, and not merely the amount due from the mortgagor.

TORT, by the mortgagee of personal property, against an officer, for the conversion of goods attached by him as the property of the mortgagor. Trial in the Superior Court, before *Dunbar*, J., who refused to instruct the jury, as requested by the plaintiff, that he was entitled to recover in damages the value of the property at the time and place of conversion, although when converted it was of greater value than the amount due under the mortgage, and instructed them that the measure of the plaintiff's damages was the amount due on the mortgage, with interest; and who also refused to give cer-

tain instructions requested by the defendant as to the amount of the plaintiff's debt.

The jury returned a verdict for the plaintiff for the amount due on the mortgage, with interest; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. F. Libby,* for the plaintiff.

*J. S. Patton,* (*I. F. Sawyer* with him,) for the defendant.

LATHROP, J. In the Superior Court, it appeared that a demand was duly made by the plaintiff upon the officer, which was not complied with, and that neither the defendant nor the attaching creditors paid or tendered anything to the plaintiff, and that they did not restore the property. Judgment was rendered for the plaintiff for the amount due him from the mortgagor at the time of the attachment, and the only question which is before us is whether the plaintiff was entitled to recover the full value of the property attached by the officer, which exceeded the amount of the debt, the plaintiff having requested the presiding judge to instruct the jury that, if the plaintiff was entitled to recover, he was entitled to the value of the property at the time and place of conversion, although when converted it was of greater value than the amount due under the mortgage.

While personal property of a debtor that is subject to a mortgage may be attached under the Pub. Sts. c. 161, § 74, if the attaching creditor pays or tenders to the mortgagee the amount for which it is liable within ten days after the same is demanded, yet it is provided by § 75, that if the same is not paid or tendered to the mortgagee within ten days after the demand, "the attachment shall be dissolved and the property shall be restored to him; and the attaching creditor shall moreover be liable to him for any damages he has sustained by the attachment."

The attachment having been dissolved in this case by the failure of the officer to comply with the terms of the statute, he became a trespasser *ab initio,* his holding was wrongful, and the plaintiff became entitled to the full value of the property as a substitute for the goods which were unlawfully taken from him. This question was decided in *Pomeroy* v. *Smith,* 17 Pick. 85, was elaborately discussed in *Codman* v. *Freeman,* 3 Cush. 306, by Chief Justice Shaw, and has since been considered the well-settled law of this Commonwealth. *Johnson* v. *Sumner,* 1 Met.

172, 179. *Crosby* v. *Baker*, 6 Allen, 295. *Leonard* v. *Hair*, 133 Mass. 455. *Allen* v. *Butman*, 138 Mass. 586.

The cases cited by the defendant do not support the ruling of the court below. In *Forbes* v. *Parker*, 16 Pick. 462, there was no demand on the officer, nor did he proceed under the St. of 1829, c. 124. See *Alden* v. *Lincoln*, 13 Met. 204, 209. In *Squire* v. *Hollenbeck*, 9 Pick. 551, where property in the possession of the plaintiff was attached by an officer and sold according to law, and the proceeds applied to the payment of the proper debt of the owner, it was held that the officer might show these facts in mitigation of damages, on the ground that the plaintiff was not answerable over to the owner ; but the general rule was recognized, that, where the plaintiff is either the owner, or is answerable over to the owner, he is entitled to full damages.

In the case at bar, the plaintiff was the legal owner of the goods attached, and after satisfying his own debt was answerable over to the mortgagor.

In *Howe* v. *Bartlett*, 8 Allen, 20, (where it was held that, if after an attachment of mortgaged goods the mortgagor goes into insolvency, the mortgagee is entitled to possession as against the assignee, and as the assignee is entitled to the surplus, the plaintiff can recover only the amount due on his mortgage,) it appeared that the attaching officer had been appointed messenger, and was therefore not a third person without any interest in the property, but was entitled to hold it for the assignee subject to the plaintiff's claim.

In the case of *West* v. *White*, 165 Mass. 258, the action was brought by a mortgagee of chattels against the vendee of the mortgagor, for the conversion of the chattels; and it was held that the measure of damages was the amount which would indemnify the plaintiff, and not the value of the property. But an attaching officer or creditor does not stand like an assignee of the equity, because the statute makes the attachment void unless the required payment is made.

　　　　　　　　　　　　　　　*Exceptions sustained.*