### JENKS *v.* HART CEDAR & LUMBER CO.

LIMITATION OF ACTIONS—MORTGAGED PROPERTY—WASTE.

> The removal of timber from mortgaged land, by which the security of a second mortgagee is impaired, constitutes a present injury to the second mortgagee sufficient to start limitations against his right of action therefor, though his mortgage has not matured.

Error to Kent; Wolcott, J.    Submitted February 14, 1906.    (Docket No. 159.)    Decided March 27, 1906.

Case by Samuel B. Jenks against the Hart Cedar & Lumber Company for the diminution of security under a real estate mortgage.    There was judgment for defendant, and plaintiff brings error.    Affirmed.

*W. D. Fuller*, for appellant.

*Wallace Foote*, for appellee.

MONTGOMERY, J.   For the purpose of presenting the legal questions in this case, the facts may be briefly stated. In 1897 John V. Cahill was the owner of 160 acres of land in Oceana county subject to two mortgages.   The first mortgage was owned by Mary Groff and Margaret Zoller of Ft. Plain, N. Y.   The second mortgage was owned by one Skeels and the present plaintiff.   Cahill sold to defendant the hardwood timber on 15 acres of land, and defendant, during the fall and winter of 1897-98, cut and removed the timber.   The mortgages were of record, and defendant was given notice after the first payment of $25 on the timber, and before the balance was paid, that the second mortgagee would not assent to the impairment of the security.   Defendant replied that the owner of the fee claimed the right to sell the timber, and requested the second mortgagee to take prompt action if any was contemplated.   No proceedings were then instituted.   Plaintiff and Mrs. Skeels in 1902 filed a bill to foreclose the second mortgage.   A decree was obtained and sale had on September 28, 1903, of the land, subject to the mortgage of Groff and Zoller, at $1,200.   A deficiency of $647 was reported. Mrs. Skeels assigned to plaintiff her interest in the deficiency and also all right of action against defendant to recover for the timber taken.   June 15, 1904, this suit was instituted to recover for the impairment of the security of the second mortgage.   Judgment passed for the defendant on a special finding of above facts, and plaintiff brings error.

The circuit judge was of the opinion that the prior right of action for impairing the security rested in the first mortgagee, and that, in the absence of a discharge of that right on assignment thereof to plaintiff or a waiver of the right, the second mortgagee could not maintain the action, and also that, if a right of action ever did exist in plaintiff, it was barred by the statute of limitations.

Plaintiff maintains that a second mortgagee has such an interest in the land mortgaged as entitles him to maintain an action, and cites in support of this contention the

case of *Gooding* v. *Shea*, 103 Mass.. 360, which sustains
the contention. It was there held that a second mortga-
gee had the right to maintain the action, and that the fact
that the first mortgagee had a prior right would not, in
the absence of a showing by the defendant of a satisfac-
tion of the demand of such prior mortgage, defeat the
action. See, also, 1 Jones on Mortgages (6th Ed.), § 684.
Whether the case of *Gooding* v. *Shea* states the correct
rule, or whether the right of the second mortgagee should ·
be subordinated to the right of the first mortgagee, and
not enforceable without the assent of the first mortgagee
or a waiver of his prior right, we find it unnecessary to
decide. As sustaining the view that the assent of the
first mortgagee is essential to the right of the second mort-
gagee to maintain the action, see *Sanders* v. *Reed*, 12 N.
.H. 558.

In the present case, however, it appears that, if the
right of action existed independently of the assent of the
first mortgagee or waiver of his prior right, the action ac-
crued more than six years before the suit was instituted.
If, on the other hand, the assent of the first mortgagee or
the waiver of his prior right was essential, the record
shows no such assent. In the one view the action is too
late, and in the other no right of action has as yet accrued.

It is sought to avoid the force of the statute of limita-
tions in this case by the claim that the act of the defend-
ant was not *legally* injurious until the mortgage matured,
and that the removal of the timber was not in and of itself
wrongful in a sense to entitle the mortgagee to immedi-
ately bring an action. We are not able to see why one
who has his security interest in property impaired by the
wrongful act of another has not suffered a present injury.

The circuit judge reached the correct conclusion, and
judgment is affirmed.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concur-
red.