W. & R. INVESTMENT CO. *vs.* EDWARDS SUPPLY COMPANY.

Suffolk.   December 4, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Mortgage,* Of real estate: mortgagee's rights, injury to mortgaged property. *Evidence,* Materiality, Of damage.

At the trial of an action of tort by a mortgagee of real estate against one who was alleged to have unlawfully removed fixtures from the mortgaged premises at the mortgagor's request and converted them, the defendant under an answer of general denial was entitled to introduce evidence that, upon a subsequent sale in foreclosure of the mortgage the plaintiff realized more than the amount due thereunder including principal, interest, costs and expenses.

TORT. Writ in the Municipal Court of the City of Boston dated August 31, 1938.

The declaration was in two counts, the first count setting up unlawful entry of the "plaintiff's house" and removal and conversion of described plumbing and heating fixtures, and the second count setting out conversion only. The answer was a general denial.

There was a finding for the plaintiff by *Donovan,* J., in the sum of $463.

*M. Klein,* for the defendant.

*J. C. Johnston,* for the plaintiff.

Cox, J. The defendant appealed from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing the report of the trial judge, who found for the plaintiff. There was evidence that the plaintiff, on August 23, 1937, took a construction mortgage on real estate belonging to one Walchok. In the building that was constructed upon the mortgaged premises, one Slotnick installed plumbing fixtures that he bought from the defendant. Slotnick assigned to the defendant $700 "out of" his contract with the owner, who accepted the assignment. On May 13, 1938, the plaintiff took possession of the premises for the purpose of foreclosing its mortgage. When the owner found that he was about to lose the property by foreclosure, he ordered Slotnick to remove the fixtures and requested the defendant to take them back and credit his account. Slotnick, with the aid of the defendant's representatives, gained an entrance to the house, removed the fixtures, and delivered them at the defendant's place of business. The fixtures had been installed prior to the date when the plaintiff took possession under its mortgage, and they were removed at some time between that date and June 14, 1938, when the plaintiff foreclosed its mortgage and realized by the foreclosure sale, $5,650. At the trial the defendant asked the plaintiff's treasurer what amount was due on its mortgage at the time of foreclosure, including principal, interest, costs and expenses. The question was excluded and the defendant made an offer of proof that, at the time of the foreclosure sale, the total amount due was $5,600. The defendant seasonably requested a report of the exclusion of this evidence. The report contains the defendant's requests for rulings that were refused, but at the argument the defendant stated that the only issue is whether the evidence offered and excluded was admissible. No other points are argued.

In this Commonwealth a mortgagee of real estate, at

least before foreclosure, has a right of action against the mortgagor or any other person who, without license, express or implied, removes any part of the mortgaged property. *Page* v. *Robinson,* 10 Cush. 99, 103. *Cole* v. *Stewart,* 11 Cush. 181. *Gooding* v. *Shea,* 103 Mass. 360. See *Woodruff* v. *Halsey,* 8 Pick. 333; *Menard* v. *Courchaine,* 278 Mass. 7, 11. "Whether the mortgagee is in possession of the mortgaged premises or not, or whether his right to possession begins only with the breach of condition and there has been no breach, nevertheless he has such an interest in the property and its preservation as enables him to maintain an action in his own name for injury to it. Such right of action is founded not upon the right to present possession, but on title to the estate. He may maintain such an action, . . . although the security remains ample for his protection. He has a right to his security unimpaired." *Delano* v. *Smith,* 206 Mass. 365, 369–370, and cases cited. *Byrom* v. *Chapin,* 113 Mass. 308. This right of action in the mortgagee is not personal to him, but arises out of and pertains to the estate, and whatever may be recovered is to be applied in payment, *pro tanto,* of the mortgage debt and thus is ultimately for the benefit of the mortgagor, if he redeems. *Gooding* v. *Shea,* 103 Mass. 360, 363. *Searle* v. *Sawyer,* 127 Mass. 491. *James* v. *Worcester,* 141 Mass. 361.

In *King* v. *Bangs,* 120 Mass. 514, the plaintiff, as mortgagee, claimed to recover for the injury to his security. The declaration was for trespass to real estate and alleged the taking and carrying away of fixtures and other parts of a dwelling house thereon standing. The defendants offered to show that after the injury complained of, and before the action was begun, the plaintiff, under the power of sale in his mortgage, sold the premises for more than enough to pay his debt and all prior encumbrances. It was held that the evidence upon the question of damages was improperly excluded. In the course of the opinion, it was said, at page 516: "If the plaintiff were permitted here to recover full damages, he would either hold the same with no responsibility over, or he would be obliged to pay

it over immediately to the owner of the equity at the time of the injury, and who then had a right of action for it. The owner of the land subject to the mortgage is the only one, on the evidence offered, who appears to have suffered any actual damage by the removal of the fixtures; and there is no rule of law which prevents the defendant from showing that fact in just mitigation of the plaintiff's claim for damages at least." See *Kennerly* v. *Burgess,* 38 Mo. 440; *Corbin* v. *Reed,* 43 Iowa, 459. In the case at bar there was evidence that the mortgagor ordered Slotnick to remove the fixtures, and that he requested the defendant to take them back and credit his account. There was other evidence that the fixtures had never been paid for. But even if, in these circumstances, the mortgagor had no right of action against the defendant for its part in the removal of the fixtures, the evidence excluded had a tendency to show that the plaintiff suffered no actual damage from such removal.

The plaintiff's contention that the defendant has no right to the evidence that was excluded because it has failed to plead the subject matter of the evidence by way of an equitable defence cannot be sustained. *King* v. *Bangs,* 120 Mass. 514.

The evidence that was excluded was admissible.

*Order dismissing report reversed.*
*Case to stand for a new trial.*