MORRIS PLAN COMPANY *vs.* HILLCREST FARMS DAIRY, INC.
(and a companion case [1]).

Plymouth.   October 8, 1948. — December 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Sale*, Conditional sale.   *Negligence*, Imputed.   *Bailment.*

A conditional vendor of an automobile damaged in a collision caused by concurring negligence of the vendee while operating the automobile on his own business and of a third person could recover from the third person the amount of the damage where it was not in excess of the amount still due the vendor on the conditional sale contract.

TWO ACTIONS OF TORT.   Writs in the District Court of Brockton dated November 8, 1940.

The actions were heard by *Rowe*, J.

*E. G. Townes & E. H. Stevens*, for the defendants, submitted a brief.

*L. H. Miller*, for the plaintiff.

QUA, C.J.   These actions are to recover for property damage to an automobile as the result of a collision with a truck on September 5, 1940.

The automobile was then being driven by one Georges on business of his own and not as the agent of the plaintiff. The truck was being driven by the defendant Soderholm as the agent of the defendant Hillcrest Farms Dairy, Inc.   The collision was caused by the concurring negligence of Georges and of Soderholm.   Prior to September 5, 1940, the plaintiff had conveyed the automobile to Georges "under a conditional sales lease in the usual form."   Georges was in default to the plaintiff but remained in possession.   The damage to the automobile was $450.   The sum owed by Georges to the plaintiff on the conditional sale was $682.43.   The trial judge found for the defendant in each case.   The Appellate Division ordered a finding for the plaintiff in each case for $450.

[1] The companion case is that of the same plaintiff against Bruce C. Soderholm.

It was settled by *Nash* v. *Lang,* 268 Mass. 407, that a bailor who is not negligent and is not bound by the negligence of an agent can recover from a third person for damage to the property bailed caused by the concurring negligence of the bailee and the third person, and that in such a case the negligence of the bailee is not imputed to the bailor. To the same effect are *Bresnick* v. *Heath,* 292 Mass. 293, 296, *Gibbons* v. *Denoncourt,* 297 Mass. 448, 459, *Leveillee* v. *Wright,* 300 Mass. 382, 390, and *Belli* v. *Forsyth,* 301 Mass. 203, 205. See Restatement: Torts, § 489. See also §§ 218, 219, 220, 243.

The defendants argue that a conditional sale is not a bailment and point out a number of differences which they say distinguish the one from the other. We are unwilling to enter needlessly upon questions of precise definition. Whatever differences may exist for some purposes, and whether or not a conditional sale can accurately be said to involve a bailment, we see no reason why a conditional vendor should not have a right of action against a third person when a bailor would have one. This similarity of right was recognized in *Harrington* v. *King,* 121 Mass. 269, and is implicit throughout the opinion in the recent case of *Associates Discount Corp.* v. *Gillineau,* 322 Mass. 490. It is the ground of decision in *Commercial* [*Credit*]*Corp.* v. *Satterthwaite,* 107 N. J. L. 17, a case closely resembling the present one.

It follows that the plaintiff can recover for the damage to the automobile at least to an amount not in excess of the sum still owed to the plaintiff on the conditional sale agreement. Whether, if the damage to the automobile had been greater than the amount owed to the plaintiff, the latter, especially since it had the right of immediate possession, could have recovered an amount larger than the balance owed to it is a question not here presented. See *Forbes* v. *Parker,* 16 Pick. 462, 466; *Gooding* v. *Shea,* 103 Mass. 360; *Byrom* v. *Chapin,* 113 Mass. 308; *Allen* v. *Butman,* 138 Mass. 586; *James* v. *Worcester,* 141 Mass. 361; *Hanly* v. *Davis,* 166 Mass. 1; *Raymond Syndicate* v. *Guttentag,* 177 Mass. 562; *Lorain Steel Co.* v. *Norfolk & Bristol*

*Street Railway,* 187 Mass. 500, 506; *Shapira* v. *Walker,* 225 Mass. 451.

There is nothing contrary to what is here decided in *Lehan* v. *North Main Street Garage, Inc.* 312 Mass. 547.

In each case the entry will be

*Order of Appellate Division affirmed.*