*Northern District*

## MARGARET RUFFELS

**v.**

## HYMAN COLTON, D/B/A

(August 16, 1952)

GADSBY, P. J. This is an action of tort in which the plaintiff seeks to recover from the defendant for damages to her automobile, caused by the alleged negligent operation by the defendant of the defendant's motor vehicle.

The facts may be briefly summarized as follows:

The husband of the plaintiff was operating the plaintiff's automobile on his way to work. A collision occurred between the automobile operated by the husband and one owned and operated by the defendant. Both operators were negligent.

The evidence showed that the operator of the plaintiff's automobile, on his way to work, picked up a third party as a passenger and drove the third party to the place of employment where both worked. This passenger paid to the operator of the plaintiff's automobile, money for being transported to work or as a contribution toward the expense for travel back and forth to work. The plaintiff's

[19]

husband turned over all the money he earned from the work to which he was going at the time of the accident to the plaintiff, and, she in turn gave him money to buy gas and oil used in operating the automobile. The husband also turned over to the plaintiff the money he received from such passenger. The plaintiff knew that her husband was driving the passenger to work and also knew that her husband gave her the money he received from said pasenger for being driven to work.

In the ordinary situation of bailor and bailee, the doctrine of *Nash v. Lang,* 268 Mass. 467, would apply so that the plaintiff would not be bound by the negligence of her husband in the absence of any agency relations. *Nash v. Lang* sets forth the rule of law that the bailor of an automobile, free from personal negligence, may recover against a third person for damage to that automobile resulting from the concurring negligence of the bailee and such third person. The negligence of the bailee is ordinarily not to be imputed to the bailor. See *Bresnick v. Heath,* 292 Mass. 293, 296. The cases also point out the distinction between the liability of a gratuitous bailee and one for hire. *Altman v. Aronson,* 231 Mass. 588. *Schulte, Inc. v. North Term. Garage Co.* 291 Mass. 251. due care or such care as prudent men exercise in the conduct of their own affairs.

In *Doherty v. Ernst,* 284 Mass. 341, 344, the Court said,
"The defendant, having become a bailee for hire, was bound to exercise due care in order to return the automobile to the owner in as good condition as when received."

While the cases above cited are not parellel to the facts in the case at bar, they establish the distinction between a situation in which a party receives a benefit and one in which he does not. From an analysis of these principles, it would appear that the plaintiff in this case would not come under the doctrine of *Nash v. Lang;* that the relationship between the plaintiff and her husband was not merely that of bailor and bailee, but that the plaintiff was receiving a benefit and that under the circumstances here disclosed, her husband was her agent so that she became bound by his negligence. Therefore

we are of opinion that the Court erred in the denial of the defendant's requests for rulings, 3, 4, 6, 7 and 8, which are as follows:

3. That the relationship between the plaintiff and her husband who was operating her motor vehicle at the time of the alleged accident, was not that of bailor and bailee.

4. That there must be a finding for the defendant, unless the relationship between the plaintiff and her husband, the operator of her motor vehicle was that of bailor and bailee.

6. That as the plaintiff received from her husband, the operator of her motor vehicle, all the money paid to him by a passenger for being transported to work, in her automobile, said passenger being transported as such at the time of the alleged accident, the Court as a matter of law must find that said motor vehicle was being operated for the benefit of or in behalf of the plaintiff.

7. That receiving money by the plaintiff for transportation in her automobile of a passenger, who was riding as such in her motor vehicle at the time of the alleged accident, constitutes operation of said motor vehicle for the benefit of or in behalf of the plaintiff.

8. That as the operator of the plaintiff's motor vehicle, her husband, turned over all money he received by working to the plaintiff, the operation of the plaintiff's motor vehicle by her said husband, while going or for the purpose of going to work, as a matter of law constitutes operation of the plaintiff's motor vehicle for her benefit or in her behalf.

In *Rich v. Finley,* 325 Mass. 99, 107, the Court said, "There was no evidence that Finley was operating the plane of the corporate defendant, as its agent or in its behalf." *Morris Plan Co. v. Hillcrest Farm,* 323 Mass. 452.

From the facts of this case, it would appear that the plaintiff's automobile was being operated by her agent

[21]

or in her behalf and therefore the finding for the plaintiff is vacated and a finding ordered for the defendant.

Max S. Ficksman, John E. Connelly, for the plaintiff

Max Marks, for the defendant