*Northern District*

No. 5053

## BELL FINANCE CO.
### v.
## WILLIAM GEFTER

(May 1, 1957)

*Eno, J.* This is an action of tort submitted to the trial judge on the following "Agreed Statement of Facts":

" 'The plaintiff is a finance company and at the time of the accident, December 20, 1955, held as assignee of the conditional vendor of a motor vehicle, a note and conditional sales agreement, both duly assigned in writing. The motor vehicle upon which the assignment was held was being driven by Samuel Scuturio, conditional vendee. On May 17, 1956, the date of trial, there had been no default on the conditional sales agreement or note by the conditional vendee. Said automobile was damaged due to the negligence of the defendant, William Gefter, in the amount of $250.00. These are all the facts to be considered by the Court in passing on the plaintiff's right to recover damages in the amount of $250.00.' "

The judge denied the plaintiff's fourth request for rulings that

"The bailee need not be in default in order for the plaintiff to recover",

and found for the defendant.

It was not necessary to file any request for rulings

in this case, because the judge had to apply the correct law to the case stated, and the report brings up for review all questions of law involved. *Nutter v. Mroczka,* 303 Mass. 343, 347; *Associates Discount Corp. v. Gillineau,* 322 Mass. 490, 491.

However, the only question for us to consider now is substantially the same as that raised by that request:

Is a conditional sale vendor (or his assignee) entitled to recover damages to a leased automobile from a third person, who has negligently damaged it, when operated by the conditional sale vendee who is not in default in his payments under the conditional sale agreement?

No copy of that agreement is attached to the report, therefore we are unable to determine whether it complies with G. L. c. 255 §§12-13H inclusive. *Lehan v. North Main Street Garage,* 312 Mass. 547.

Since no one raised that question, we assume, as did the judge, that it fully complies with the statute.

It has long been settled that a bailor can recover from a third person who negligently damages the bailed property. *Nash v. Lang,* 268 Mass. 407; *Morris Plan Co. v. Hillcrest Dairy Farms, Inc.,* 323 Mass. 452.

In the last cited case, very much in point with the one before us, the conditional sale vendor was allowed "to recover for the damage to the automobile at least to an amount not in excess of the sum still owed to the plaintiff on the conditional sale agreement". In that case the sum owed by the conditional vendee was greater than the amount of the damages, and besides he was in default to the plaintiff while still in possession of the automobile.

The court leaves undecided the precise question here involved, and whether the conditional vendor "could have recovered an amount larger than the balance owed to it".

The agreed statement of facts in the case at bar

does not disclose the amount of the balance due on the conditional sale agreement nor the value of the automobile at the time of the accident. Until there is a default in the required payments, the conditional sale vendee has the exclusive possession and right to use the property. It is only where he is in default in his payments that the conditional sale vendor becomes entitled to its immediate possession. *We are of opinion that in a situation when the damages to a conditionally sold automobile are in excess of its value, the conditional vendor could recover his damages, because, then, his security is greatly impaired.*

He could recover also when the conditional sale vendee is in default and the damages are less than the amount due on the conditional sale agreement as was decided in *Morris Plan Co. v. Hillcrest Dairy Farms Inc.*, 323 Mass. 452. But when the conditional sale vendee is not in default in his payments, and especially, as in this case, when the amount due on the conditional sale agreement does not appear to be more than the amount of damages, we think that he is not entitled to recover.

We find, therefore, that there was no prejudicial error in the denial of the plaintiff's fourth request and that the judge correctly found for the defendant. *The report is to be dismissed.*

Louis Theran, Alfred A. Albert, for the Plaintiff.
Robert H. Cook, for the Defendant.