BELL FINANCE CO. *vs.* WILLIAM GEFTER.

Middlesex.    December 3, 1957. — February 21, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Sale,* Conditional sale.

A conditional vendor of an automobile damaged by negligence of a third person without contributory negligence of the vendee could recover from the tortfeasor the full amount of the damage even though the vendee was not in default and the amount of the damage was greater than the amount of the vendee's indebtedness, and would hold such excess of the recovery for the benefit of the vendee.

TORT. Writ in the First District Court of Eastern Middlesex dated February 13, 1956.

The action was heard by *Russell,* J.

In this court the case was argued before *Wilkins,* C.J., *Ronan, Spalding, Whittemore,* & *Cutter,* JJ., and afterwards was submitted on briefs to all the Justices.

*Alfred Legelis,* for the plaintiff.

*Robert P. Cook,* for the defendant.

SPALDING, J.   The plaintiff brings this action of tort to recover for property damage to an automobile as a result of an accident on December 20, 1955.

The plaintiff is a finance company and at the time of the accident it held, by an assignment in writing from the conditional vendor, the note and conditional sale agreement given in connection with the sale of the automobile.   When the accident occurred the automobile was being driven by the conditional vendee, one Scuturio.   Due to the negligence of the defendant, the automobile was damaged to the extent of $250.   On May 17, 1956, the date of trial, there had been no default on the conditional sale agreement or note by the conditional vendee.

The case was heard on the foregoing meager statement of agreed facts.   The judge found for the defendant and a report to the Appellate Division was dismissed.   The plaintiff appealed.

In many respects this case closely resembles *Morris Plan Co.* v. *Hillcrest Farms Dairy, Inc.* 323 Mass. 452.   There it was held, among other things, that a conditional vendor of an automobile could recover from a third person for negligently damaging the automobile while it was in the possession of the conditional vendee.   At the time of the accident the conditional vendee was in default and the sum owed to the plaintiff under the conditional sale agreement was in excess of the damage.   The case at bar differs in that (1) the conditional vendee was not in default at the time of the accident and (2) it does not appear what the amount of the debt was, that is, whether it was greater or less than the damage.   The defendant argues that because of these differences the plaintiff does not come within that decision and cannot recover.

The first difference (lack of default on the part of the conditional vendee) we think is without significance.   Even though the conditional vendor (or an assignee such as the plaintiff, who stands in his shoes) has no right to possession until default, he, nevertheless, has a security title to assure the payment of the debt.   A conditional sale resembles in

many respects a chattel mortgage, and the position of a conditional vendor is quite similar to that of a mortgagee. In *Delano* v. *Smith*, 206 Mass. 365, it was said by Rugg, J. (as he then was), at pages 369–370, "Whether the mortgagee is in possession of the mortgaged premises or not, or whether his right to possession begins only with the breach of condition and there has been no breach, nevertheless he has such an interest in the property and its preservation as enables him to maintain an action in his own name for injury to it. Such right of action is founded not upon the right to present possession, but on title to the estate. He may maintain such an action, although he is a junior mortgagee and although the security remains ample for his protection. He has a right to his security unimpaired." To the same effect are *Gooding* v. *Shea*, 103 Mass. 360, *Chamberlain* v. *James*, 294 Mass. 1, 8, and *W. & R. Investment Co.* v. *Edwards Supply Co.* 304 Mass. 650, 652. This principle has been applied with respect to chattel mortgages. *Allen* v. *Butman*, 138 Mass. 586. And we think it applies equally to a conditional sale. *Ayer* v. *Bartlett*, 9 Pick. 156 (conditional vendor allowed to recover against one who wrongfully attached property before default in possession of conditional vendee). Moreover, in the *Morris Plan Co.* case it was said that because of the similarity of a conditional sale to a bailment a conditional vendor had a right of action against a third person whenever a bailor would have one. That a bailor who is entitled to the future possession of a chattel can proceed against a third person to recover for the harm to his interest is not open to doubt. Restatement: Torts, §§ 220, 243. *First National Acceptance Corp.* v. *Annett*, 121 N. J. L. 356. See Note 28 B. U. L. Rev. 381; Williston on Sales (Rev. ed.) § 333a; Note 38 A. L. R. 1337, 1340.

The second difference between the case at bar and the *Morris Plan Co.* case (where the debt exceeded the damage to the automobile) presents a question of more difficulty. Indeed, that question was there expressly left open, the court saying, "Whether, if the damage to the automobile had been greater than the amount owed to the plaintiff,

the latter, especially since it had the right of immediate possession, could have recovered an amount larger than the balance owed to it is a question not here presented" (323 Mass. 452, 453). Here we do not know what the debt was. All that the agreed facts tell us on the question of damages is that the damage to the automobile was $250, and it is this sum that the plaintiff is seeking to recover. For aught that appears the debt might have been less than this amount and we must deal with the case as presenting the question left open in the *Morris Plan Co.* case.

If, as we hold, the conditional vendor has rights similar to those of a mortgagee and is entitled to have his security unimpaired, he ought to recover for the harm done to that security irrespective of the amount of the debt, at least where, as here, there has been no contributory negligence on the part of the conditional vendee. In *Allen* v. *Butman,* 138 Mass. 586 (a case of replevin by a chattel mortgagee against a deputy sheriff who wrongfully attached property in possession of the mortgagor), it was held that, although the value of the property replevied exceeded the amount due under the mortgage, the plaintiff could recover full damages for the unlawful acts of the defendant. It was said in the leading case of *Gooding* v. *Shea,* 103 Mass. 360, at page 364 (an action by a mortgagee against one who had tortiously injured the mortgaged property), that the "right of the plaintiff to recover in this action does not depend upon the sufficiency or insufficiency of his security. Until his whole debt is paid, he cannot be deprived of any substantial part of his entire security without full redress therefor." Accordingly it was held that the plaintiff was entitled to recover for all damage done to the mortgaged property. Other cases illustrative of this principle are *Pomeroy* v. *Smith,* 17 Pick. 85 (pledgee held entitled to recover for all damage caused by wrongdoer and was not limited to amount of debt), and *Codman* v. *Freeman,* 3 Cush. 306, 313 (mortgagee entitled to recover for all damage caused by wrongdoer rather than amount of debt). See *Belli* v. *Forsyth,* 301 Mass. 203, 205; *Associates Discount Corp.* v. *Gillineau,* 322

Mass. 490, 492. There is, to be sure, an early case (*Forbes v. Parker*, 16 Pick. 462, 466) which limits the recovery of a mortgagee against a wrongdoer to the amount of the debt. But, so far as we can discover, that case has not been followed and cannot be reconciled with the cases cited above.

In the case at bar the automobile was damaged to the extent of $250. To that extent the plaintiff's security was impaired and under the principles discussed above it is entitled to recover that amount in this action. Of course, if the amount recovered should exceed the amount of the debt the surplus would be held for the benefit of the conditional vendee. *Allen* v. *Butman*, 138 Mass. 586, 588. *Hanly* v. *Davis*, 166 Mass. 1, 3. *W. & R. Investment Co.* v. *Edwards Supply Co.* 304 Mass. 650, 652.

It follows that the entry must be

*Order dismissing report reversed.*
*Judgment for the plaintiff in the*
*amount of $250.*