EQUITABLE CREDIT CORPORATION *vs.* JOHN M.
TREADWELL
(and a companion case[1]).

Worcester.   September 22, 1958. — November 13, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Mortgage,* Of personal property: conversion of mortgaged property.
*Conversion. Practice, Civil,* Auditor: findings; Case stated; Order
for judgment. *Waiver. Pleading, Civil,* Answer.

The report of an auditor whose findings are final is in effect a case stated
and it is the duty of the trial judge to enter the correct judgment on
the facts reported. [102]

Waiver is not available as a defence under a general denial in an action
but must be pleaded. [102]

A mortgagee of a chattel converted by a third person may recover from
him the full value thereof and hold any excess of the recovery over the
amount of the mortgagor's indebtedness for the benefit of the mort-
gagor, unless it appears that the mortgagor could not have recovered
against the third person so that recovery by the mortgagee of such
excess for the mortgagor's benefit would result in the mortgagor's
unjust enrichment. [102–103]

Facts, found after trial together of an action by a mortgagee of cows
against one to whom the mortgagor delivered some of the cows in an
exchange and an action by the mortgagee against one who took pos-
session of other mortgaged cows under color of a subsequent condi-
tional sale contract with the mortgagor as vendee purporting to cover
such other cows, warranted findings that each defendant had con-
verted the cows taken by him, and, in the circumstances that the
mortgagor was not a party to the actions and his rights against the
defendants and the amount of each recovery by the plaintiff to be
applied in satisfaction of the mortgage debt could not be determined
in the actions, the plaintiff should recover the value of the converted
cows in full and hold the excess of the aggregate of the recoveries over
the mortgage debt for the benefit of the mortgagor in the first instance.
[103]

A general finding in an action heard on the report of an auditor whose
findings were to be final was essentially an order for judgment. [104]

---

[1] Equitable Credit Corporation *vs.* Worcester County Trust Company.

TWO ACTIONS OF TORT. Writs in the Superior Court dated December 29, 1952.

The cases were heard by *Macaulay, J.,* on an auditor's report.

*John P. Schlosstein,* for the defendants.

*Seymour Weinstein,* for the plaintiff.

CUTTER, J. The first of these two separate actions of tort is against one Treadwell to recover for the conversion of eighteen[2] cows which were subject to a chattel mortgage held by the plaintiff. The second action is against Worcester County Trust Company (hereinafter called the trust company) to recover for the conversion by it of ten cows covered by the same chattel mortgage.

Both actions were heard together by an auditor whose findings of fact were to be final. The auditor found for the plaintiff against Treadwell in the sum of $2,000 with interest and against the trust company in the sum of $3,500 with interest. The trial judge denied motions to recommit the report to the auditor and made a finding for the plaintiff in each action in accordance with the auditor's report. Each defendant appealed. The records on appeal were consolidated.

The auditor made relevant findings as follows. One Smith and his wife on August 2, 1951, executed a chattel mortgage of twenty-one specified cows and certain farm machinery to secure their note[3] to the firm of Goldstein and Gurwitz for $7,986.52, payable in instalments. The chattel mortgage was duly recorded and the note and mortgage were assigned to the plaintiff. The mortgage provided that the mortgaged property should be kept at Smith's farm and that it would not be transferred or assigned without the written consent of the mortgagees.

At various times after August 2, 1951, Treadwell sold cows to Smith under conditional sale agreements which, in

---

[2] The plaintiff later specified that eight cows subject to its mortgage had been taken by Treadwell and ten by Worcester County Trust Company. The auditor concluded that the plaintiff was bound by its specifications in this respect.

[3] Replacing in part an earlier note not here relevant.

each instance, listed not only cows currently being sold by Treadwell to Smith but also an additional cow or cows already owned by the Smiths and covered by the chattel mortgage of August 2, 1951. On January 21, 1952, Smith purchased from Treadwell five additional cows under a new conditional sale contract between Treadwell and Smith, drawn by the chief clerk of the trust company, covering twenty-one identified cows, including ten cows listed in the Smiths' chattel mortgage of August 2 held by the plaintiff. Smith then told Treadwell that most of the cows that he possessed were under mortgage to the plaintiff. This conditional sale contract was at once assigned to the trust company, which, the auditor found, "knew, or should have known," that ten of the cows listed in the contract were mortgaged to the plaintiff.

On or about January 21, 1952, at a time when the Smiths were in default on their payments to the plaintiff, Smith traded eight nonproducing cows, which were subject to the plaintiff's mortgage, to Treadwell in exchange for "eight cows which were producers." The eight cows turned over to Treadwell had a fair market value of $250 each. Smith then told Treadwell that these eight cows were under mortgage to the plaintiff. At some time thereafter, but prior to March 27, 1952, Smith told the plaintiff of this trade and also of the conditional sale contract, dated January 21, 1952, with the trust company. The plaintiff at once sought additional security and the Smiths gave to the plaintiff their note, dated March 27, 1952, for $6,586.52, the balance then due on the Smiths' note (of August 2, 1951), held by the plaintiff, secured by a chattel mortgage of six additional cows. This chattel mortgage recited that it was "given as additional security to chattel mortgage dated August 2, 1951."

On November 8, 1952, when the Smiths were in default in their payments to the plaintiff by $237, the trust company took possession of twenty-four cows, each having a market value of $350, including sixteen listed in the mortgages, dated August 2, 1951, and March 27, 1952, held by the plaintiff. On December 10, 1952, the plaintiff made written

demand on the trust company for the return of ten cows and upon Treadwell for the return of eight cows (see Note 2, *supra*). No action was taken upon these demands either by the trust company or by Treadwell. After November 8, 1952, by the plaintiff's repossession of other property subject to the chattel mortgages which it held, the Smiths' indebtedness to the plaintiff was reduced to $2,362.67. It stood at this figure when the present actions were commenced on December 29, 1952.

1. The auditor's report was in effect a case stated. It was the judge's duty to enter the correct judgment on the facts contained in the report. *Connors* v. *Medford*, 334 Mass. 260, 263–264. *Spirito* v. *Capar*, 337 Mass. 431, 432.

2. The defendant Treadwell contends that the judge upon the facts shown in the auditor's report should have concluded that the plaintiff had waived its rights under the mortgage to proceed against Treadwell for conversion of the eight cows traded by Smith to Treadwell. On the facts reported it would seem unlikely that the plaintiff intended at any time to relinquish any rights in the mortgaged property, but it is not necessary to determine whether it did so, for Treadwell in his answer did not plead waiver. This affirmative defence is not available under a general denial and "must be pleaded and proved by the party alleging it." *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 208–209. See *Siegel* v. *Shaw*, 337 Mass. 170, 174.

3. This court has recently reviewed the cases dealing with the rights of a chattel mortgagee or conditional vendor to recover for tortious interference with the mortgagee's or vendor's security. *Bell Fin. Co.* v. *Gefter*, 337 Mass. 69. See *Harvard Trust Co.* v. *Racheotes*, 337 Mass. 73. The principle is now well established that a chattel mortgagee, even prior to default, has a sufficient interest in the mortgaged property to enable him to maintain an action in his own name for injury to, or conversion of, that property. The recovery in such an action (except where any recovery by the mortgagor would be plainly barred as in the *Harvard Trust Co.* case) is not limited to the amount of the mortgage

debt but is for the full amount of the injury to the mortgaged
security, or for the value of that portion of the security
which has been converted. The mortgagee will hold, for the
benefit of the mortgagor, any excess above what is sufficient
to satisfy the mortgage indebtedness. See *Gooding* v. *Shea*,
103 Mass. 360, 362–364; *Allen* v. *Butman*, 138 Mass. 586,
587; Restatement: Torts, §§ 222, 223, 225, and authorities
discussed in Restatement 2d: Torts, Tentative Draft No. 3,
April 18, 1958, §§ 225, 228, 248.

The authorities already cited dispose of the remaining
contentions of each defendant. The auditor's subsidiary
findings warranted the conclusion that each defendant, as
against the plaintiff, had made a conversion of the mort-
gaged cows taken by them respectively. Although the
aggregate recovery, and, indeed, the recovery of $3,500 with
interest in the action against the trust company, was more
than the amount of the mortgage indebtedness ($2,362.67)
of the Smiths to the plaintiff at the time of the commence-
ment of the actions, the full recovery in each action is proper.
The case against the trust company here is not like the
*Harvard Trust Co.* case. In that case, it was established by
agreement that the mortgagor had no right to recover
against the defendant, and the mortgagee was not permitted
to recover any excess above the mortgage debt, for it would
have resulted in unjust enrichment of the mortgagor if such
excess were to have been held by the mortgagee for the
mortgagor's benefit. In neither of the present cases, how-
ever, are the Smiths parties and we cannot determine on the
present record either their rights, if any, against the separate
defendants or the amount of each recovery which should be
applied to satisfaction of the mortgage debt. Accordingly,
the aggregate balance of the recoveries above the mortgage
indebtedness will be held by the plaintiff, in the first in-
stance, for the benefit of the Smiths as mortgagors. On the
situation appearing in this record, the rights of the defend-
ants, of the Smiths, and of other persons, if any, interested
in the converted mortgaged property can only be deter-
mined in other proceedings.

A judgment is to be entered in each action for the plaintiff in accordance with the "findings" of the trial judge, which are essentially orders for judgment. *Campbell* v. *Boston*, 337 Mass. 676, 677.

*So ordered.*