*Municipal Court of the City of Boston*

No. 44889

**NATIONAL CASH REGISTER COMPANY**

v.

**FIRESTONE & CO., INC.**

(November 9, 1962—January 11, 1963.)

*Present*: Gillen, J. (Presiding), Lewiton & Roberts, JJ.

Case tried to *Adlow, C. J.*

*Gillen, J.* This is an action of tort in which the plaintiff alleges the defendant converted to its own use a cash register, the property of the plaintiff. The action was tried upon a "case stated". See: *Frati* v. *Jannini*, 226 Mass. 430.

It set forth that one Carroll, doing business as "Kozy Kitchen" on November 18, 1960, in consideration of defendant's loan to him transferred certain personal property to the defendant as collateral under a security agreement (Exhibit 2); on the same day a financing statement (Exhibit 3) was filed by defendant with the town clerk of Canton and on November 22, 1960 with the Secretary of State.

In Exhibits 2 and 3 mention is made of various articles and equipment; they are the same in both exhibits; in Exhibit 2 after the recitation of said articles and equipment that were transferred to the defendant appears the following: "together with all property and articles now, and which may hereafter be, used or mixed with, added or attached to, and/or substituted for, any of the foregoing described property. To have and to hold to

grantee to its own use and behoof forever."

The trial judge found for the plaintiff.

The defendant claims to be aggrieved by this finding.

Although there is a reference to "after acquired property" in the Carroll—defendant security agreement (Exhibit 2), there is no reference of this nature in the financial statement (Exhibit 3). Nowhere in these two exhibits is there a specific mention of the cash register.

One of the contentions of the defendant is that although there is no specific mention of the cash register none is necessary for the reference in Exhibit 2 as to "after acquired property" is broad enough to give the defendant its claim to the cash register. Granting for the moment that contention, we hold that by reason of the fact that the financing statement, Exhibit 3, contains no reference to "after acquired property" or the cash register specifically, the defendant has not perfected its security interest in the cash register which was acquired by Carroll after the date of the security agreement with the defendant. G. L. c. 106, §9-302.

The plaintiff obtained and perfected a security interest in the cash register (Exhibit 5).

"In all cases not governed by other rules stated in this section, priority between conflicting security interests shall be determined as follows: . . . in the order of perfection

unless both are protected by filing". G. L. c. 106, §9-312.

The defendant did not perfect a security interest in the cash register. The plaintiff did.

G. L. c. 106, §9-402 *Formal Requisition of Financing Statements*—sets forth: (1) A financing statement is sufficient if it contains a statement indicating the types or describing the items of collateral . . .". Exhibit 4 of the plaintiff describes the item of collateral, viz; a cash register, and also by reference in Exhibit 5.

The taking of the cash register and the subsequent sale by the defendant constituted a conversion. *Blanchard v. Child,* 7 Gray 155; *Edmunds v. Hill,* 133 Mass. 445; *Koski v. Haskins,* 236 Mass. 346; *Equitable Credit Corp. v. Treadwell,* 338 Mass. 99.

We find no error. *Report dismissed.*

Edward O. Proctor, Jr., of Boston, for the Plaintiff.

Louis Karp, of Boston, for the Defendant.