Ruma, J.
This is an action in tort in which the plaintiff, as bailor, alleged the defendants’ negligent operation of a motor vehicle caused damage to the plaintiffs motor vehicle. The complaint was filed on J une 9,1988 in the Malden Division of the District Court Department. Prior to this action, the plaintiffs wife, as bailee, brought a small claim action, in the Malden Division, in which she also alleged the defendants’ same negligence caused damage to the motor vehicle. After a trial in the small claim session, a finding for the plaintiffs wife, as bailee, was made in the sum of $1,200.00 and the defendants claimed ajury trial.[2] As a result of the jury verdict, the jury found the defendants were twenty percent negligent and the plaintiffs wife was eighty percent negligent whereupon the court entered judgment for the defendants.
The defendants filed a motion for summary judgment in this case on the grounds that the judgment against the plaintiffs wife, as bailee, precludes the plaintiff, as bailor, from relitigating the identical issues which were already determined by the jury verdict. The trial judge allowed the motion for summary judgment from which the plaintiff takes this appeal.
Summary judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 56 is an “excellent device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The defendants’ motion for summary judgment “is generally appropriate” to raise the defense of res judicata. Dowd v Morin, 18 Mass. App. Ct. 786, 789 n.9 (1984), quoting from Cousineau v Laramee, 388 Mass. 859, 860 n.2 (1983). The only question on this appeal is whether plaintiff, as a matter of law, is barred from bringing this action because his interest as a party was adjudicated in the prior action between his wife, as bailee, against the defendants. The defendants have the burden of proving that the small claim action of the plaintiffs wife is a preclusion of this case. See Foster v. Evans, 384 Mass. 687, 695 (1981). The necessary elements to preclude relitigation of an issue is “identity of cause of action and issues, the same parties, and judgnent on the merits by a court of competent jurisdiction.” Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981), quoting from Franklin v. North Weymouth Cooperative Bank, 283 *168 Mass. 275, 280 (1933).
The plaintiff, as bailor, and the plaintiffs wife, as bailee have separate, distinct and independent rights and obligations with respect to each other and with respect to third persons. It has long been the law in this Commonwealth that a bailor may maintain an action against a third person for permanent injury to the chattel and the negligence of the bailee cannot be imputed to the bailor. Nash v. Lang, 268 Mass. 407, 414, 415 (1929); Morris Plan Co. v. Hillcrest Farms Dairy, 323 Mass. 452, 453 (1949). In Bresnick v. Heath, 292 Mass. 293,296 (1935) it was held that “the bailor of an automobile, free from personal negligence, may recover against a third person for damage to that automobile resulting from the concurring negligence of the bailee and such third person.” The rights of both the bailor and bailee to sue for the entire damage to the bailed article are well settled. See Associates Discount Corp. v. Gillineau, 322 Mass. 490, 492 (1948); Belli v. Forsythe, 301 Mass. 203, 204, 205 (1938).
The defendants failed to establish that the plaintiff and his wife, as bailee, were the same parties in the prior small claim action. The defendants’ defense of contributory negligence of the plaintiffs wife is not available against the plaintiff as bailor. Even if the cause of action is identical a judgment in an action by a bailee against a third party for destruction of the bailed property does not preclude an action by the bailor if the judgment was based on a defense not available against the bailor. Restatement of Judgments (Second) sec. 52(1)(b)(1982). The eighty percent negligence which the jury found against the plaintiffs wife cannot be imputed to him in this cause of action. The defendants’ reliance on Johnson v. Holyoke, 105 Mass. 80 (1870), is misplaced. In this case the plaintiff, bailor, and the bailee have “separate, distinct, and independent rights” with respect to the defendants. See Nash, supra at 414. The plaintiff is entitled to a trial in his capacity as a bailor against the defendants.
The judgment for the defendants is reversed and the case is remanded to the Malden Division for trial on all issues except the defendants’ negligence contributing to the accident. See Maher v. General Motors Corp., 370 Mass. 231, 234 (1976).

 The report indicates the finding was for the plaintiff, but it obviously refers to the plaintiffs wife and we treat it as such.