**LOUISVILLE & N. R. CO. v. MILLER.**

(6 Div. 846.)

(Supreme Court of Alabama. May 3, 1923.)

**1. Pleading** ⬅️34(4) — **Construed against pleader.**

A count claiming damages for the wrongful killing or injuring of plaintiff's mare on defendant's railroad track must be construed on demurrer most strongly against plaintiff.

**2. Railroads** ⬅️439(1)—**Complaint for killing animal held insufficient.**

A count averring the wrongful killing or injuring of plaintiff's mare on defendant's rail-

road trestle is insufficient in failing to aver whether the animal was killed or injured by defendant, or by its agents or servants acting within the scope of their employment.

**3. Sales** ⬅️472(2) — **Verbal conditional contract of sale void.**

The verbal sale of a mare, with the express stipulation that she was to remain the property of the seller, until payment of the purchase price, where possession was given to the purchaser, is a conditional sale, and under Code 1907, § 3394, as amended by Gen. Acts 1911, p. 115, is void as to such condition against purchasers for valuable consideration, mortgagees, and judgment creditors without notice, as not in writing and not recorded.

**4. Trespass** ⬅️20(8) — **Plaintiff must show ownership and possession of chattel.**

To maintain trespass for injuring or killing an animal, the burden is on plaintiff to show ownership; that is, that the animal belonged to him when injured or killed, and that he was then in the rightful possession, actual or constructive.

**5. Sales** ⬅️480(6) — **Conditional vendor cannot maintain trespass against third person, where purchaser is in possession and not in default.**

The vendor of an animal in possession of the purchaser under a conditional sale contract cannot maintain trespass for the wrongful killing or injuring of the animal by a railroad company before the time for the payment of the purchase price has passed.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by R. H. Miller against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Huey & Welch, of Bessemer, for appellant.

Count C was subject to demurrer. Stump v. C. & G. W. Ry. Co., 84 Ill. App. 28; Seibert v. M., K. & T. R. Co., 72 Mo. 565; Richmond, etc., Co. v. Buice, 88 Ga. 180, 14 S. E. 205; Atchison, etc., v. Edwards, 20 Kan. 531; 33 Cyc. 1213; S. & N. R. Co. v. Hagood, 53 Ala. 647. If the plaintiff sold the horse to Coates, and did not retain title by a written instrument, he was not entitled to recover. Code 1907, § 4288; Barnhill v. Howard, 104 Ala. 412, 16 South. 1.

Benton & Bentley, of Bessemer, for appellee.

No brief reached the Reporter.

MILLER, J. Suit by R. H. Miller, plaintiff and appellee, against the Louisville & Nashville Railroad Company, a corporation, for damages for wrongfully killing or injuring a mare, the property of plaintiff, on the defendant's trestle spanning the Cahaba

river. The jury returned a verdict for $75 in favor of plaintiff, and from the judgment thereon, defendant appeals.

There were 14 counts in the complaint, but the court permitted only one, count C, to go to the jury, which count reads as follows:

"Plaintiff claims of the defendant the sum of five hundred dollars as damages for the wrongful killing or injuring of one mare, the property of the plaintiff, on the defendant's trestle spanning the Cahaba river, on its railroad, between the counties of Jefferson and Shelby, on or about the 6th day of February, 1921."

[1, 2] The demurrers of the defendant to it were overruled, and should have been sustained. This count under demurrer must be construed most strongly against the plaintiff, the pleader. 10 Michie, Dig. 1005, § 22 (2). This count fails to state who wrongfully killed or injured the mare. It avers a wrongful killing or injuring of the mare on the railroad of defendant on the trestle spanning the Cahaba river, but fails to aver whether it was killed or injured by the defendant, or by the agent or servant of the defendant, while acting in the line and scope of his employment, or by whom. The count should aver facts affirmatively showing that the defendant wrongfully killed or injured the mare, or the agent or servant of the defendant while acting in the line and scope of his employment wrongfully killed or injured the mare. The mare may have been wrongfully killed or injured under the averments of that count, on the trestle of defendant's railroad spanning the Cahaba river, by some one who had no connection with the defendant, a mere stranger to the defendant. No facts are averred showing the defendant liable for the wrongful killing or injuring of the mare.

There are 60 errors assigned, and practically all are argued and insisted upon by appellant; but, as this count does not state a cause of action against the defendant, we feel it is unnecessary to consider and pass on any other assignment of error. However, the general affirmative charge, with hypothesis, was requested by the defendant as to this count. It was in writing and refused by the court. Under the evidence it should have been given as to count C, even if it had alleged the mare was wrongfully killed by the defendant, or its servant, while acting in the line and scope of his employment.

The evidence is without dispute that the mare, two weeks before she was killed, was sold, verbally, by plaintiff to Bayless Coates for $150, the mare to remain the property of plaintiff until the purchase price was paid, and possession of the mare was given by plaintiff to Coates, who was in possession at the time she was killed. The $150 was never paid, and there is no evidence when it was due and payable. On February 6, 1921, while Coates was attempting to drive the mare to his home, she ran on the railroad track, went up the trestle, and when she reached the place on the trestle where the river below could be seen through the cross-ties she attempted to turn around, and fell with her feet protruding through the trestle. There was evidence that one leg was broken, and there was evidence to the contrary. Coates then went to see the section foreman, who was not at home, but one of his crew was notified of the condition of the mare, and they went to the trestle where the mare was; about five minutes after their arrival a freight train came up and stopped. As it could not pass the mare, the conductor shot her, and she jumped and fell into the river.

[3] The verbal sale of the mare for $150, with the express stipulation that she was to remain the property of the vender until payment of the purchase price, and possession was given to the vendee, is a conditional sale. Sumner v. Woods, 67 Ala. 142, 42 Am. Rep. 104; Riley v. Dillon, 148 Ala. 283, 41 South. 768. Conditional sales of this character are by statute void as to such condition against purchasers for a valuable consideration, mortgagees, and judgment creditors without notice thereof, unless the contract is in writing and recorded as the statute directs. Section 3394, Code 1907, as amended by Gen. Acts 1911, p. 115.

[4] The burden is on the plaintiff to show ownership of the mare, that it belonged to him when injured or killed, and that he was, when she was killed, in rightful possession, actual or constructive, in order to maintain trespass for injuring or killing her. This court in Boswell v. Carlisle, Jones & Co., 70 Ala. 247, wrote:

"The gist of an action of trespass is the injury done to the possession; and, of consequence, to support it, the plaintiff must show that, as to the defendant, he had, at the time of the injury, rightful possession, actual or constructive. The general property draws to it the possession, if there be no intervening adverse right of enjoyment. But, if the general owner has parted with the possession, conferring on another the exclusive right of present enjoyment, retaining in himself only the right to take or resume possession at some future time, or on the happening of some contingency, or event in the future, his right of possession is in reversion; and he cannot maintain trespass for an injury to the property, while the particular right of possession is continuing. 2 Greenl. Ev. §§ 614–616; Davis v. Young, 20 Ala. 151; Nelson v. Bondurant, 26 Ala. 341."

[5] In this case the right of possession of the mare was in Coates, the vendee, until default in the payment of the purchase price. The vender of the mare on a conditional sale contract may maintain trespass for the wrongful killing or injuring of her, the time for the payment of the purchase price having passed and the price remaining unpaid. Fields v. Williams, 91 Ala. 502, 8 South. 808; Jones v. Pullen, 66 Ala. 306; Boswell v. Carlisle, 70 Ala. 244; Walker v. Wilkinson, 35

Ala. 725, 76 Am. Dec. 315; Jordan v. Wells, 104 Ala. 383, 16 South. 23. Coates had the right to retain possession ·of the mare until the purchase price matured, and he had the right to pay it at that time and become the complete owner of the mare.

The evidence without dispute shows the purchase price was unpaid, but the evidence fails to show when it was payable; the evidence fails to show that the time for its payment had passed when the mare was killed. The burden of making such proof rested on plaintiff, which he failed to do; and for this reason the court erred in refusing to give the general affirmative charge for the defendant under count C, if it had stated a cause of action against the defendant. It is not necessary for us to decide whether under the evidence there are other reasons why this charge should have been given by the court.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.