COMMERCIAL CREDIT CORPORATION, APPELLANT, v. GEORGE SATTERTHWAITE, RESPONDENT.

Submitted January 31, 1930—Decided May 6, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *David Green* and *Duane R. Dills* (of the New York bar.)

For the respondent, *Charles S. Gray.*

The opinion of the court was delivered by

PARKER, J.  This case raises the interesting question, somewhat novel in this state, whether the conditional vendor of a chattel pursuant to the Conditional Sales act (*Pamph. L.* 1919, *p.* 461), or the assignee of the seller's interest under the contract, which amounts to the same thing, may recover after default against a third party for injury done to the chattel by the negligence of said third party before default, notwithstanding contributory negligence of the vendee.

The agreed state of the case shows that the plaintiff's assignor, the Newark Flint Company, made a written contract of conditional sale of an automobile to Frank Scagliola in July, 1925, and assigned its interest in that contract to the plaintiff; that in September, 1925, the automobile, by rea-

son of the joint negligence of Scagliola and the defendant, came into collision with the defendant's car and was damaged to the amount of $115; that in October, 1925, Scagliola defaulted in his payments. The case does not show that the plaintiff re-took the car after such default, but this seems immaterial. The trial court held, first, that the plaintiff at the time of the accident had no such interest in the automobile sold to Scagliola as entitled it to recover against the defendant; and, secondly, that if it did have such interest, it was barred of recovery by the contributory negligence of Scagliola, the conditional vendee.

We think the first proposition is clearly erroneous. By the very language of section 1 of the statute it is provided that, "in this act 'conditional sale' means (1) any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any other condition or the happening of any contingency; or (2) any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming, the owner of such goods upon full compliance with the terms of the contract." From this language it seems clear that in any event the plaintiff had and retained the general property in the chattel subject to certain qualifications in the act not affecting this case; and that that general property would remain in the plaintiff until full payment had been made. It needs no argument that the owner of a general property in a chattel is entitled to recover for damage to that chattel, at least provided there has been no recovery on behalf of the owner of the special property for the same cause of action.

The second proposition we also consider to be erroneous, and upon the fundamental ground, presently to be discussed more at length, that if the plaintiff would not be liable in damages for any injury inflicted by the negligence of Scagliola while using the car, and we think it clear that plaintiff

would not be so liable, then by the same token the plaintiff cannot be barred of its right of recovery by negligence of Scagliola which is contributory to a collision in which both Scagliola and Satterthwaite were negligent.

The very phase "contributory negligence" necessarily involves the idea of primary negligence. *O'Brien* v. *Staiger,* 1 *Mis. R.* 607, 609; 45 *C. J.* 943. So in a collision between automobiles due to the negligence of both drivers, each would be guilty of both primary and contributory negligence, but neither could recover for the primary negligence of the other because of his own contributory negligence.

Often there are cases, however, in which one party who may be called "A" is not liable to "B" because of some legal exemption from the negligence rule. Thus if "A" be a municipal corporation in the performance of a public duty, the contributory negligence of "A's" servant will not defeat a recovery by "A" for the negligence of "B." A typical case of this kind is *Paterson* v. *Erie Railroad Co.,* 78 *N. J. L.* 592, in which the city recovered for damages to a fire engine which came in collision with the train of the defendant notwithstanding the negligence of the driver of the fire engine.

In line with this is the situation of a bailor, who is not liable for the negligence of a bailee in the operation of the chattel bailed in the absence of negligence in entrusting a property to the bailee, or the like. *Maurer* v. *Brown et al.,* 106 *N. J. L.* 284. As a corollary, the bailor's right of action for damages to the property bailed will not be defeated by the bailee's negligence in the management of the property. *New York, &c., Railroad Co.* v. *New Jersey Electric Railway Co.,* 60 *N. J. L.* 338; *affirmed,* 61 *Id.* 287. In this case the reasoning of the court on page 346 is as follows: "It cannot be contended that the plaintiff company would have been responsible to the defendant if the negligent use of the locomotive by the servants of the New York and Greenwood Lake railway had occasioned an injury to the defendant's car at this crossing. This negligence, however much the occasion of the injury to the defendant, could not have rendered the plaintiff company responsible so long as,

in this case, no act or conduct of the plaintiff company was in question. It did not, in fact, advise, encourage or permit in the hands of its bailee the negligent use of this locomotive." So here it is quite clear that the plaintiff in a suit by Satterthwaite based upon negligence of Scagliola in operating the motor which was the subject of the conditional sale, and on the assumption that Satterthwaite was not himself negligent, would not be liable to him for the negligence of Scagliola. The spirit of the Conditional Sales act seems to be in line with this reasoning for section 27 provides, "after the delivery of the goods to the buyer and prior to the re-taking of them by the seller, the risk of injury and loss shall rest upon the buyer." *Pamph. L.* 1919, *p.* 470.

There seems to be some doubt in many of the cases as to whether a conditional sale is to be classed as a bailment. Under subdivision 2 of section 1, quoted in full above, the statute expressly defines it as a bailment; and we see no reason why it should be a bailment in one portion of that section and not subject to the same rules and classification in the other portion. In both subdivisions the general property remains in the seller, and only a special property passes to the buyer until the chattel has been paid for. This is one of the fundamental ideas of the law of bailment and when to this is added the principle that the conditional vendor of a chattel cannot be held liable for its injurious misuse by the conditional vendee in the absence of special negligence of the vendor in entrusting it to the vendee, the claim that contributory negligence of the vendee should be imputed to the conditional vendor seems to be without any basis upon which to rest.

These considerations lead to a reversal of the judgment.