Second Judicial District Court of Hudson County.

C. I. T. CORPORATION v. HARRY HUNGERFORD AND
THERESA O'NEILL.

Decided October 9, 1933.

For the plaintiff, *Pellegrin & Pellegrin.*

For the defendant Harry Hungerford, *Collins & Corbin*
(*John F. Leonard,* of counsel).

For the defendant Theresa O'Neill, *Hoberman & Hoberman.*

CARNEY, J.   This action was instituted by the plaintiff (conditional vendor of an automobile) to recover against the vendee, Theresa O'Neill, and a third party, Harry Hungerford, for damages occasioned to said automobile, arising out of an accident that occurred on November 26th, 1931; at which time the automobile was being operated by the son of the defendant Theresa O'Neill, to whom she had loaned the car and who was not, at the time, engaged on any enterprise of the defendant Theresa O'Neill.

As a result of the accident, Theresa O'Neill instituted an action in the Bayonne District Court against the defendant Hungerford to recover for the said damages, which action resulted in a verdict in favor of the defendant of "no cause of action."   The defendant Hungerford now moves to dismiss the state of demand herein, on the ground that the action in the Bayonne District Court is either *res adjudicata,* or a bar to this action.

The law is quite clear that a recovery by the bailee is a full satisfaction and a bar to any action of the bailor; and

inversely, I am of the opinion that a denial of recovery of the bailee, is a denial of recovery to the bailor; except that no denial or bar may be set up against the bailor for the contributory negligence of the bailee, as in the case of *Commercial Credit Corp.* v. *Satterthwaite,* 107 *N. J. L.* 17; 150 *Atl. Rep.* 235; 108 *N. J. L.* 188; 154 *Atl. Rep.* 769. As suggested in the cases, the liability of the trespasser is the same, his only concern being that he shall not be put to the hazard of two recoveries. In the case of *Commercial Credit Corp.* v. *Satterthwaite, supra,* upon which the plaintiff relies, it is pointed out that:

"It needs no argument that the owner of a general property in a chattel is entitled to recover for damages to that chattel, at least provided there has been no recovery on behalf of the owner of the special property for the same cause of action."

It is suggested in the plaintiff's brief, that the verdict of "no cause of action" in the Bayonne District Court may have been grounded on the contributory negligence of the plaintiff, Theresa O'Neill, and that thus would violence be done to the rule laid down in the case of *Commercial Credit Corp.* v. *Satterthwaite, supra;* but even in that action in the Bayonne District Court, contributory negligence could not have been set up against the defendant Theresa O'Neill, because the evidence is clear that her son was not, at the time of the accident, engaged on any enterprise for her.

In view of the above, the motion made on behalf of the defendant Harry Hungerford to dismiss this cause of action as against him, will be granted.