FIRST NATIONAL ACCEPTANCE CORPORATION, A CORPORATION, PLAINTIFF-APPELLEE, v. JAMES ANNETT, DEFENDANT, AND CALVIN R. ANNETT, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 1, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Samuel J. Davidson.*

For the appellee, *Edward Zubalsky* (*Samuel Tartalsky,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The primary question involved in this cause is whether the assignee of a conditional vendor of an automobile may bring an action founded upon negligence against a third party to recover damages caused the automobile while it was in the possession of the conditional vendee who had not defaulted in the performance of his conditional sales contract. We resolve that question affirmatively.

The cause is before us upon an agreed state of facts. Suit was commenced against the driver and the owner of an automobile by plaintiff, the assignee of the conditional vendor of the automobile which was damaged. The damaged car was driven by the conditional vendee who apparently had not defaulted in the terms of the conditional sales contract. The conditional vendee testified that while driving the car on a main thoroughfare in Belleville, New Jersey, he was struck by the automobile driven by one defendant and owned by the other defendant. It appears from the testimony of the defendant driver that the collision occurred by reason of the fact that he skidded in an effort to bring his car to a stop in order to avoid striking another automobile in front of him. There was further testimony to the effect that plaintiff's car was damaged to the extent of $233.

The learned judge below found that the defendant driver was negligent, and directed that a judgment be entered in favor of the plaintiff in the amount of $233 as against the driver. A finding of no cause of action was entered in favor of the owner of defendant's automobile. The driver alone appeals.

*First: As to plaintiff's right to bring suit.* We think it is now clear that as against a third party a conditional vendor or his assignee has a sufficient interest in the chattel sold to maintain an action to recover damages to that chattel even

though those damages were inflicted prior to any default under the conditional sales contract. *Commercial Credit Corp. v. Satterthwaite,* 107 *N. J. L.* 17; 150 *Atl. Rep.* 235; *affirmed,* 108 *N. J. L.* 188; 154 *Atl. Rep.* 769. *Cf. N. Y., L. E. and W. R. R. Co.* v. *New Jersey Electric Co.,* 60 *N. J. L.* 338; 38 *Atl. Rep.* 828; *affirmed,* 61 *N. J. L.* 287; 41 *Atl Rep.* 1116, and 38 *A. L. R.* 1337. Obviously, it is no concern of the third party whether, in a cause such as this, there has or has not been a default in the terms of the conditional sales contract. That is a matter which concerns the conditional vendor and vendee. We are entirely satisfied that the conditional vendor or his assignee has, under the Conditional Sales act (*R. S.* 46:32-1 *et seq.*), a sufficient interest in the chattel to maintain this suit.

*Second:* While the evidence concerning negligence was somewhat meager, we think that from the evidence actually adduced the judge, as a trier of facts, might well have inferred, as he apparently did, that defendant did not conform to the required standard of care since he did not drive so as to have been able to bring his car to a halt without skidding. Particularly is this so in light of the fact that the defendant admitted that the weather conditions were rainy and damp.

We find no merit to the contention that damages were not shown.

Judgment is affirmed, with costs.