PETER DIXON, Appellant, v. ALBERT SIMPSON;
J. R. WILLIAMS, THOMAS E. PHELPS AND
SHELLEY C. CAMP, Doing Business as Williams
Trenching & Excavating Company, Respondents.

No. 4088

December 8, 1958.                    332 P.2d 656.

(Rehearing denied January 7, 1959.)

*Samuel S. Lionel* and *Paul L. Larsen,* of Las Vegas,
for Appellant.

*Goldwater and Singleton,* of Las Vegas, for Respondents J. R. Williams, Thomas E. Phelps and Shelley C. Camp, dba Williams Trenching & Excavating Company.

*Morse, Graves & Compton,* of Las Vegas, for Respondent Albert Simpson.

## O P I N I O N

By the Court, MERRILL, J.:

We are on this appeal concerned with responsibility for failure to guard an excavation in a public alley. Where the excavation is under the control of a general contractor engaged in the construction of a building on adjacent property, is the owner of that property responsible? Under these circumstances is the subcontractor who originally did the digging responsible? We have concluded that under the facts of this case the owner is responsible, but the subcontractor is not.

This action was brought to recover damages suffered by the plaintiff in falling into a trench cut across an alley in Las Vegas. The trench was dug for the purpose of making sewer connections with a building under construction on an adjoining lot. The accident occurred at night. The alley was unlighted and the trench was neither barricaded nor lighted by flares.

Action was brought against the owner of the adjacent property, the general contractor, and the trenching company which had, with its equipment, done the major portion of the excavating. The court below dismissed the action against the owner and the trenching company. Judgment ultimately was rendered against the general contractor.

The plaintiff has taken this appeal from the order of the trial court dismissing the action against the owner and the trenching company. The sole question is whether under the facts of this case those respondents can be held to have shared liability with the general contractor.

As to both respondents we are concerned with statutory as well as common law liability. NRS 455.010 provides, "Any person * * * who shall dig, sink or excavate, or cause the same to be done, or being the owner or owners, or in the possession under any lease or contract, of any shaft, excavation or hole, whether used for mining or otherwise, * * * within this state, shall, during the time they may be employed in digging, sinking or excavating, or after they may have ceased work upon or abandoned the same, erect, or cause to be erected, good and substantial fences or other safeguards, and keep the same in good repair, around such works or shafts, sufficient to guard securely against danger to persons and animals from falling into such shafts or excavations."

The owner-respondent Simpson supports the order of the trial court as to him by contending that, since the neglect was on the part of an independent contractor, such neglect cannot be attributed to him as owner under the doctrine of respondeat superior.

Anderson v. Feutsch, 31 Nev. 501, 103 P. 1013, 105 P. 99 is, however, controlling upon this contention. This court held in that case that an owner is responsible for seeing that an excavation made for his benefit upon a public street is adequately safeguarded. Further, it was specifically held that the owner's liability either at common law or under the statute is not affected by the fact that the excavation was dug by an independent contractor.

The principle of owner liability as applied to cases of excavations in public streets is explained in Robbins v. Hercules Gasoline Co., 80 Cal.App. 271, 251 P. 697, 698, where it was stated, "Generally speaking, the rule [of respondeat superior] does not apply where injury results from the negligent acts of an independent contractor,

but it is a well-known exception to this rule that where the owner of property knowingly causes excavations to be made in \* \* \* the public street or sidewalk fronting his property, he owes a duty to the public to maintain sufficient warning signals thereon and cannot pass this duty on to another."

It was, then, error to dismiss the action against respondent Simpson, the owner of the adjoining premises, for whose benefit the trench had been dug. As to this respondent the judgment of the trial court must be reversed.

As to respondent trenching company the record shows that its work had been completed prior to noon on the date of the accident. Its workmen and equipment were then removed from the site. The general contractor that afternoon put some of his own workmen into the trench to finish it in readiness for the plumbers and to extend its length slightly. At the close of the working day this finishing work was still going forward.

Appellant contends that the trenching company was under duty to barricade the trench which it had dug and to light it with flares. Appellant asserts that the work of the trenching company resulted in a condition inherently dangerous and one from which harm should have been anticipated. Under these circumstances, he contends, a contractor does not rid himself of responsibility by turning the completed work over to the contractee who accepts it as completed. The question of foreseeability, he contends, therefore remained for the jury.

Under the older rule applying generally to the case of an independent contractor, such contractor was not liable for injury resulting from his work after he had completed his contract and there had been an acceptance of his work by the contractee. Under the newer rule, for which appellant contends, where the result of the contractor's work is such that harm to third parties is foreseeable, his liability is not terminated by the acceptance of his work by the contractee.

The authorities upon which appellant relies constitute an extension of the principle first enunciated in MacPherson v. Buick Motor Company, 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916 F. 696. See Anno. 58 A.L.R.2d 870.

These cases are distinguishable from the instant case and the rule they announce cannot be held to apply here. They are cases in which the contractor's work was imperfectly performed. The danger from which injury was foreseeable arose from defective performance. The duty of proper performance was clearly owing. It was breach of that duty which resulted in injury.

Such is not the case before us. Here the danger did not arise from defective performance but from the fact that the work, properly completed, was of such a nature as to constitute a hazard if not guarded. The duty with which we are concerned is not that of proper performance, but the duty to guard. That duty does not arise from performance of the work, but from authority over and control of the work. The trenching company having surrendered control and the general contractor having assumed it, the trenching company having no further authority over the work or right to remain or to return upon the premises, no duty to guard can be imposed upon that company.

Appellant contends that regardless of common law liability, NRS 455.010 imposes liability upon all those who "dig, sink or excavate * * * any hole." That statute must be construed to apply only to those who retain control of the excavation or, having control, abandon it. To construe it otherwise would be to impose a continuing responsibility upon persons who may well have lost all right, authority or power to meet such responsibility. Such cannot have been the legislative intent.

Judgment in favor of respondents J. R. Williams, Thomas E. Phelps and Shelley C. Camp dba The Williams Trenching and Excavating Company, affirmed.

Judgment in favor of respondent Albert Simpson reversed and that cause remanded for new trial.

BADT, C. J., and EATHER, J., concur.