COSGRIFF NEON COMPANY, INC., APPELLANT, *v.* H. E. MATTHEUS, A. E. BERNARD, E. J. MANGINI AND JACK MADDALENA, DBA MANGINI AND MADDALENA, RESPONDENTS.

No. 4453

May 21, 1962                                          371 P.2d 819

*John S. Halley,* of Reno for Appellant.

*Stewart, Horton & McCune* and *Donald Stuart Bab,* of Reno, for Respondent Jack Maddalena.

*John Sanchez,* of Reno, for Respondent Ernest J. Mangini.

*William J. Crowell,* of Carson City, for Respondents H. E. Mattheus and A. E. Bernard.

## OPINION

By the Court, THOMPSON, J.:

Pursuant to a conditional sales contract with the Carson Shopping Center, the appellant Cosgriff Neon Company, Inc., installed and erected an electric neon sign on

a brick pylon. On the day after such installation, the brick pylon collapsed. The sign was totally destroyed. In the lower court, Cosgriff Neon Company, Inc., by complaint in intervention, sought to recover the sum of $1,421.88 alleged to be the value of the sign.[1] It was denied relief, the court stating, "That the Intervenor, Cosgriff Neon Company, Inc., has no privity with the Plaintiffs, or the Defendants, and its action, if any, lies against Carson Shopping Center and Douglas Bryant,[2] who were not made parties to this action, nor appeared therein." Appeal is taken from the judgment denying relief to Cosgriff Neon Company, Inc., as intervenor.

1. *The parties' contentions:* (a) Cosgriff Neon. In seeking a reversal of the judgment denying it relief, Cosgriff Neon urges upon us that it had a property interest in the destroyed sign, having retained title thereto by reason of the conditional sales contract with Carson Shopping Center; that the cause of the sign's destruction was the negligence of Mangini and Maddalena in their construction of the brick pylon on which the sign was subsequently erected; that it should be permitted to recover its loss directly from either the persons who caused it, Mangini and Maddalena, or from the owners of the brick pylon, Mattheus and Bernard, who had accepted the negligently constructed pylon from the contractors, and had thereafter maintained it; that it is not necessary to seek recovery from Carson Shopping Center to whom it had sold the sign and who remained obligated upon the contract; finally, that the requirement of contractual privity, as a prerequisite to a valid claim for relief, is no longer the law.

[1] In the principal action below, Mattheus and Bernard, owners of the pylon, had sued Mangini and Maddalena, builders of the pylon, alleging that its collapse was due to negligent construction. The trial court found that "the proximate cause of the destruction of the brick pylon was the faulty and negligent workmanship of the Defendants, Ernest J. Mangini and Jack Maddalena." Judgment for $620 was accordingly entered in favor of Mattheus and Bernard and against Mangini and Maddalena. No appeal was taken by Mangini and Maddalena.

[2] Douglas Bryant signed the conditional sales contract for Carson Shopping Center.

(b) Mangini and Maddalena. In seeking to uphold the judgment denying relief to Cosgriff Neon, the contractors contend that the lack of contractual privity between themselves and Cosgriff Neon is a complete defense; that the acceptance of the pylon by Mattheus and Bernard, for whom it was built, relieved them of liability for damage thereafter sustained by third persons; that there would be no end to litigation with third persons if liability did not cease when the work contracted for was accepted; that the proximate cause of the damage to Cosgriff Neon was broken by an intervening agency, the act of the owners Mattheus and Bernard in accepting the pylon and thereafter maintaining it; that Carson Shopping Center remained obligated on the conditional sales contract to Cosgriff Neon, with the result that Cosgriff Neon sustained no damage; and finally, under the circumstances of this case, Cosgriff Neon should not recover because it was contributorily negligent in erecting a heavy sign upon the pylon when it should have known that it would probably not sustain its weight.[3]

(c) Mattheus and Bernard. The owners agree with all of the arguments advanced by the contractors, except that they do not subscribe to the contention that the proximate cause of the pylon's failure shifted to them upon their acceptance of the contractors' work and subsequent maintenance of the pylon. They make it clear that, in their view, Cosgriff Neon does not have a claim for relief against anyone except on the contract against Carson Shopping Center should it default in its payment obligation thereunder. However, they go further and argue that if the court believes that contractual privity is not a prerequisite to Cosgriff Neon's claim for relief, in any event they are not liable. They take this position because the trial court found the proximate cause of the pylon's failure to rest with the contractors.

---

[3]Contributory negligence was not pleaded in defense. No finding was made on the point. The record does not disclose its existence as a matter of law. Hence, we will not consider this contention.

Additionally, they indicate that the defect in the construction of the pylon was *latent* in nature, not observable by them, with the result that it would be unfair to impose a liability upon them under such circumstances.

In resolving these contentions, we must first determine whether Cosgriff Neon, a conditional seller, has a claim for relief at all, in the absence of contractual privity. If we decide that it does, we must then decide whether the liability, under the circumstances here present, rests with the contractors, the owners, or both.

2. *Absence of contractual privity, of itself, does not bar relief.* In denying relief to Cosgriff Neon, the trial court gave as its reason the absence of contractual privity between Cosgriff Neon and the contractors and owners from whom it sought recovery. We do not agree.

It should first be noted that a conditional seller, under proper circumstances, has a claim for relief against a third person who tortiously damages or destroys the property which is the subject of the sale. Annot., 67 A.L.R.2d 582. What constitutes the "proper circumstances" is a matter concerning which case authority is not in harmony. Some courts permit the conditional seller, or his assignee, to recover only if the buyer is in possession of the subject of the sale and in default in his payments under the conditional sales contract. Universal Credit Co. v. Collier, 108 Ind.App. 685, 31 N.E.2d 646; Harris v. Seaboard Airline Ry. Co., 190 N.C. 480, 130 S.E. 319, 49 A.L.R. 1452; Commercial Credit Corp. v. Satterthwaite, 107 N.J.L. 17, 150 A. 235. Some will not permit recovery against a third person if the buyer is in possession and not in default in his payments at the time the loss or damage occurs. Louisville & N.R. Co. v. Miller, 209 Ala. 378, 96 So. 322; Gas City Transfer Co. v. Miller, 107 Ind.App. 210, 21 N.E.2d 428. Other courts, in permitting recovery, have held that it is immaterial whether or not the buyer is in default in his payments at the time of loss or damage. Bell Finance Co. v. Gefter, 337 Mass. 69, 147 N.E.2d 815, 67 A.L.R. 578; First National Acceptance Corp. v. Annett, 121 N.J.L. 356, 2 A.2d 650.

In the case at bar the record reveals that the buyer was in possession of the sign and in default in its payment obligation when the loss occurred. The purchase price for the sign was $1,421.88, $277.88 to be paid upon execution of the contract on November 13, 1957, and the balance in 12 equal monthly installments of $101.05 commencing January 1, 1958. The pylon crumbled and the electric sign was destroyed on January 14, 1958. The parties stipulated that the buyer had paid only $250 when the loss occurred; apparently the installment payment due January 1, 1958 had not been made. Under such circumstances, all authorities appear to agree that the conditional seller has a claim for relief against the third person causing destruction of, or damage to, the property which is the subject of the sale.

However, the authorities collected in the annotation mentioned above do not deal with the liability of a third person to the conditional seller when such third person is an independent contractor who has negligently erected a structure that subsequently causes damage. Because of this, the contractors Mangini and Maddalena insist that the general rule set forth in said annotation has no application to the facts of this case. The validity of their position depends essentially upon whether or not we choose to extend the doctrine exemplified by the landmark decision of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, to govern the liability of a contractor for damage to a third person (Cosgriff Neon) after completion of the contractors' work and the acceptance thereof by the owners. *MacPherson* imposed liability for negligence upon the manufacturer of a car, who had sold it to a retail dealer, who had resold it to the plaintiff. While the plaintiff was in the car, it suddenly collapsed, causing him to be thrown out and injured. Justice Cardozo said: "The question to be determined is whether the defendant owed a duty of care and vigilance to anyone but the immediate purchaser." He concluded that such a duty existed. We believe that

the same question is presented here, and that the "Mac-Pherson rule" should be extended, under the facts presented, to govern the liability of the contractors Mangini and Maddalena to Cosgriff Neon, the absence of contractual privity being immaterial. It seems to us that the contractors, for their own economic benefit, were engaged in work (constructing the pylon) which they knew might affect the interests of persons other than the immediate contractee, and could reasonably foresee the loss which occurred as the result of their negligent construction of the pylon.[4] The Restatement, Torts, sec. 385, comment a (1934) has recognized that contractors are bound by the general principles of negligence under the *MacPherson* doctrine. In Prosser, Torts, p. 519 (2d ed. 1955), it is stated: "It appears, however, that the analogy of MacPherson v. Buick Motor Co. is at last being accepted. Several recent decisions have placed building contractors on the same footing as sellers of goods, and have held them to the general standard of reasonable care for the protection of anyone who may foreseeably be endangered by the negligence, even after acceptance of the work." Indeed, this court in Dixon v. Simpson, 74 Nev. 358, 332 P.2d 656, acknowledged the "newer rule" when it said: "Under the older rule applying generally to the case of an independent contractor, such contractor was not liable for injury resulting from his work after he had completed his contract and there had been an acceptance of his work by the contractee. Under the newer rule, for which appellant contends, where the result of the contractor's work is such that harm to third parties is foreseeable, his liability is not terminated by the acceptance of his work by the contractee." In *Dixon,* the "newer rule" was not applied because the loss did not result from the *defective performance* of the work. However, in the present case, the loss which occurred directly resulted from the defective

[4] By the finding that the contractors were negligent, and therefore liable to the owners, Mattheus and Bernard, the court necessarily determined that the contractors could reasonably foresee the pylon's collapse when a heavy sign was erected upon it. That finding is not attacked by the contractors.

performance of the contractors in constructing the brick pylon. The entire problem is discussed, reviewed, and the authorities collected in the annot. 58 A.L.R.2d 868. Though *MacPherson,* the Restatement, *supra,* and most of the cases reviewed in the said annotation, deal with bodily injury, we perceive no valid reason for failing to apply the same principle to a property loss sustained by a third person. Therefore, we conclude that Cosgriff Neon, a conditional seller having the right to immediate possession of the sign by reason of the buyer's default in payment,[5] has a valid claim for relief against the contractors Mangini and Maddalena for the sign's destruction; that such claim for relief is in tort for the breach of a duty of care owed by the contractors to Cosgriff Neon, namely, that breach of the standard of reasonable care for the protection of persons or property foreseeably endangered by their negligence in the construction of the brick pylon, even after acceptance of the work; and, that the lack of contractual privity between the parties is not a defense.

3. *The contractors alone are liable to Cosgriff Neon under the facts of this case.* Substantial evidence establishes that the brick pylon was built onto an existing cement base. Externally it appeared to have been properly constructed. However, the pylon collapsed because the steel rods placed inside the structure were not tied to nor connected with the base foundation. The defect in the contractors' work was latent. Because of this it cannot be supposed that the owners of the pylon, Mattheus and Bernard, who had control of it after acceptance, would or should have discovered the defect even upon a reasonable inspection. This being so, their acceptance of the structure should not exonerate the contractors from liability based upon a fictitious theory that the loss resulted because of the owners' failure to maintain and repair, nor should a liability be imposed upon the

[5]We are *not* called upon *to* determine and do not determine whether a conditional seller would have a claim for relief if the buyer was not in default. Cf. Bell Finance Company v. Gefter, 337 Mass. 69, 147 N.E.2d 815, 67 A.L.R.2d 578.

owners under such circumstances. See: Adams v. White Construction Co., 299 N.Y. 641, 87 N.E.2d 52 (Latently defective concrete work, not ascertainable on inspection); Clemens v. Benzinger, 211 App.Div. 586, 207 N.Y.S. 539 (steel structure with defective bolts hidden by concrete); Hale v. Depaoli, 33 Cal.2d 228, 201 P.2d 1, 13 A.L.R.2d 183 (a latent defect involving the type of nails used and the manner of their use in construction); Hanna v. Fletcher, 97 U.S.App.D.C. 310, 231 F.2d 469, 58 A.L.R.2d 847 (repair work so negligently done that a railing rusted underneath a coat of paint after long use); cf. Underhill v. Anciaux, 68 Nev. 69, 226 P.2d 794 (where the MacPherson principle was applied in a case involving a coca-cola bottle containing a foreign substance).

We do not decide whether the contractors would be either absolved from liability, or jointly liable with the owners if the defect causing damage was patent, or latent but known to the owners, nor do we decide whether the MacPherson doctrine should be applied where the owners exercise active supervision and detailed inspection systematically throughout the building of the structure. Such a factual picture is not presented by the record in this case.

4. *Amount of recovery.* The sales price of the sign was $1,421.88. It was totally destroyed. The buyer had paid $250 at the time of the loss, leaving a balance remaining of $1,171.88. The measure of the conditional seller's damages in such case is the amount of the price unpaid, not, however, exceeding the value of the sign. Lacey v. Great Northern Ry. Co., 70 Mont. 346, 225 P. 808, 38 A.L.R. 1331. No evidence was offered tending to show that the value of the sign at the time of loss was a lesser sum than the price remaining unpaid.

We conclude, therefore, that the judgment below, denying relief to the intervenor, must be reversed. The case is remanded, with direction to enter judgment in favor of Cosgriff Neon Company, Inc., intervenor, against E. J. Mangini and Jack Maddalena, dba Mangini and Maddalena, for the sum of $1,171.88, with interest

thereon at 7 percent per annum, from December 6, 1960, until paid. The lower court shall fix a reasonable attorney's fee for the intervenor. NRS 18.010.

BADT, C. J., and MCNAMEE, J., concur.