FRANCIS CARTER BRADSHAW, APPELLANT, v. BLYSTONE EQUIPMENT CO. OF NEVADA, A NEVADA CORPORATION, RESPONDENT.

No. 4624

November 7, 1963                                386 P.2d 396

[Rehearing denied December 2, 1963]

Robert Callister, of Las Vegas, Nevada, Belli, Ashe and Gerry, and Lawrence H. Stotter, of San Francisco, California, for Appellant.

Vargas, Dillon & Bartlett, and Alex. A. Garroway, of Reno, Nevada, for Respondent.

## OPINION

By the Court, McNamee, J.:

This is an appeal from an order granting respondent's motion, made pursuant to NRCP 50(b), to set aside a

verdict and judgment based thereon in favor of appellant and to have judgment entered in respondent's favor.

Appellant sought damages in the court below for personal injuries suffered by him resulting in the loss of his right arm when his clothes became enmeshed in the mechanism of a posthole digger he had rented from respondent.

The first cause of action charges respondent with negligence in renting the equipment to appellant who was unskilled in the use thereof and which equipment was not reasonably safe for its intended use. It is further alleged therein that respondent failed to give appellant safety instructions or warning concerning the danger of the open universal joint of said driller.

The second cause of action alleges that the respondent negligently failed to warn appellant of the danger of the driller's open universal joint when respondent knew, or should have known, of the danger to persons unskilled in the use of such equipment.

The third cause of action is for breach of implied warranty of fitness.

The answer denies negligence and the breach of any implied warranty, and alleges as affirmative defenses contributory negligence and assumption of risk.

The case was tried before a jury which brought in a verdict in favor of appellant in the sum of $51,786.55. At the same time the jury, to the written interrogatory: "If you find that defendant was negligent, state what the act or acts of negligence of the defendant were," answered: "We the Jury find the defendant guilty of unmindful negligence. In the fact due to extenuating circumstances. Failure to properly instruct Plaintiff the risk of danger."

In his written decision on the motion for judgment notwithstanding the verdict, the learned trial judge stated that the accident occurred on the third occasion Bradshaw had rented and used the machinery. He found that no breach of duty was shown.

The answer to the written interrogatory constitutes a finding by the jury that respondent was negligent in

failing to give appellant safety instructions concerning the danger of the open universal joint of the driller. This was one of the acts of negligence alleged in appellant's first cause of action. The jury's finding as to specific negligence absolves the respondent from all other acts of negligence alleged in the complaint or mentioned in the evidence. Long v. Foley, 180 Kan. 83, 299 P.2d 63; Stevens v. Allis-Chalmers Mfg. Co., 151 Kan. 638, 100 P.2d 723.

Even if the answer could be construed as a finding that respondent failed to warn appellant of the risk of danger, there was no duty on the part of respondent to warn appellant of a danger obvious to the user. Annot., 76 A.L.R.2d 28 (1961). A liability based on negligence does not exist in the absence of a breach of duty. Long v. Flanigan Warehouse Company, 79 Nev. 241, 382 P.2d 399.

We are not concerned in this case with an article containing a latent defect in its construction as was the situation in Cosgriff Neon Co. v. Mattheus, 78 Nev. 281, 371 P.2d 819. The accident did not occur as a result of a mechanical defect in operation. There was nothing hidden or concealed about the universal joint or its operation, and as stated before, the accident occurred during the third occasion that appellant had rented and used the equipment. Appellant admitted that he walked within six inches of the universal joint while it was in operation, and both appellant and his partner who, at the time was engaged with appellant in the operation of the machinery, testified that they knew the position of the universal joint and that it was plainly visible. There was no reason for either of the operators to be within any dangerous proximity to the universal joint while it was in operation. Appellant at the time of the accident was a bank official. A person of at least ordinary intelligence is charged with the knowledge that an exposed whirling piece of machinery is dangerous and is to be avoided. The lessor owes no duty under such circumstances to warn the lessee of such an obvious danger. 2 Restatement of Torts §388, Comment i.

"We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof. Just as the manufacturer is under no obligation, in order to guard against injury resulting from deterioration, to furnish a machine that will not wear out, see Auld v. Sears, Roebuck & Co., 288 N.Y. 515, 41 N.E.2d 927, affirming 261 App.Div. 918, 25 N.Y.S.2d 491, so he is under no duty to guard against injury from a patent peril or from a source manifestly dangerous. To illustrate, the manufacturer who makes, properly and free of defects, an axe or a buzz saw or an airplane with an exposed propeller, is not to be held liable if one using the axe or the buzz saw is cut by it, or if someone working around the airplane comes in contact with the propeller. In such cases, the manufacturer has the right to expect that such persons will do everything necessary to avoid such contact, for the very nature of the article gives notice and warning of the consequences to be expected, of the injuries to be suffered. In other words, the manufacturer is under no duty to render a machine or other article 'more' safe— as long as the danger to be avoided is obvious and patent to all." Campo v. Scofield, 301 N.Y. 468, 95 N.E.2d 802.

Appellant maintains that even if the manufacturer was not negligent, respondent, as bailor, was negligent in leasing a machine containing an unguarded universal joint when the custom in the industry was to furnish guards. There is no evidence in the record to show what the custom in the industry is with respect to guards for open universal joints, but even if there were such a custom the failure to furnish a guard would not establish liability. Messina v. Clark Equipment Co., 2 Cir., 263 F.2d 291. In that case, the court stated:

"Upon this appeal the plaintiff contends that in this case the allegations and proof of a general standard among manufacturers to provide safety devices for such machines as that involved here, take the case outside the reach of Campo * * *. But we think these cases make it plain that the manufacturer's liability is limited to hidden defects and concealed dangers."

We conclude that the evidence does not as a matter of

law sustain the jury's finding in its answer to the written interrogatory that respondent was negligent in failing to give appellant safety instruction, when the danger of the open universal joint while in operation was apparent to the casual observer.

In holding that the judgment for the appellant cannot be sustained on any charge of negligence, we still must determine whether the judgment was proper under the evidence received in support of the cause of action for breach of implied warranty of fitness.

The respondent leased the posthole digger to appellant and his partner for the particular purpose of drilling holes. In doing so, it impliedly warranted the reasonable suitability of the chattel for that purpose. Annot., 68 A.L.R.2d 854 (1959). This is a common-law warranty. Eastern Motor Express v. A. Maschmeijer, Jr., Inc., 2 Cir., 247 F.2d 826, 65 A.L.R.2d 765. There is nothing in the evidence to show that it did not operate in accordance with appellant's known intended use of it. It is not contended that the equipment contained a latent defect or a hidden danger.

"If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands." Campo v. Scofield, supra. To a greater degree is this statement applicable to a lessor of chattels.

The judgment therefore cannot be supported on the ground of a breach of implied warranty of fitness.

The action of the lower court in setting aside the verdict and judgment thereon and entering judgment in favor of respondent was proper.

Order and judgment appealed from affirmed.

BADT, C. J., and THOMPSON, J., concur.