JERRY AMUNDSEN, APPELLANT, v. THE
OHIO BRASS CO., RESPONDENT.

No. 6907

September 10, 1973                     513 P.2d 1234

*Foley Brothers,* of Las Vegas, for Appellant.

*Beckley, DeLanoy & Jemison,* of Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant's amended complaint stated claims in negligence, strict liability, and implied warranty, all based on an alleged defect in design of a hydraulic basket used to lift linemen up to high-voltage wires, which respondent manufactured and sold to appellant's employer. Appellant, who seeks damages for injuries sustained when the basket collapsed beneath him, contends on this appeal that the trial court erred in refusing instructions regarding implied warranties of fitness for a known purpose.[1] Appellant also contends he was entitled to judgment as a matter of law.

1. The trial court rejected appellant's implied warranty instructions as "not applicable," apparently following our decision in Long v. Flanigan Warehouse Co., 79 Nev. 241, 382

---

[1]Particularly, appellant asked this instruction: "Where the seller at the time of the sale has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose."

Other rejected instructions stated how such warranties are proved, and told the jury that any implied warranty of the basket sold to his employer extended to appellant.

P.2d 399 (1963). In *Long,* we held implied warranties of the Uniform Sales Act provided no basis for a nontort claim by a person, like appellant, not in privity with the seller. We refused to follow several contrary recent cases, saying: "Clarity in our law will not be served by applying the Uniform Sales Act to parties for whom its provisions were not designed." 79 Nev. at 247, 382 P.2d at 403. In so doing, we quoted the eminent Dean Prosser concerning obstacles that exist to imposing liability on implied warranty theories, in cases like those before us then and now:

"What all of this adds up to is that 'warranty,' as a device for the justification of strict liability to the consumer, carries far too much luggage in the way of undesirable complications, and is leading us down a very thorny path. The courts which quote, in nearly every other case, the statement that 'the remedies of injured consumers ought not to be made to depend upon the intricacies of the law of sales,' have proceeded to entangle themselves in precisely those intricacies like Laocoön and his sons.

"All this is pernicious and entirely unnecessary. No one doubts that, unless there is privity, liability to the consumer must be in tort and not in contract. There is no need to borrow a concept from the contract law of sales; and it is 'only by some violent pounding and twisting' that 'warranty' can be made to serve the purpose at all. Why talk of it? If there is to be strict liability in tort, let there be strict liability in tort, declared outright, without an illusory contract mask." W. Prosser, *The Assault upon the Citadel (Strict Liability to the Consumer),* 69 Yale L.J. 1099, 1133–34 (1960).

In *Long,* we declined to consider strict liability theories, tendered for the first time on appeal, but later we did adopt strict liability in tort for persons injured by defectively manufactured or designed products, whether they are in privity with the seller or not. Worrell v. Barnes, 87 Nev. 204, 484 P.2d 573 (1971); Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970); Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966). Appellant does not question that the jury was instructed adequately under the theory of these later cases, as well as on usual negligence principles, but he urges us to overrule *Long* and hold that he was entitled to implied warranty instructions as well.

So far as we can perceive, appellant has tendered no substantial case authority to support his request that we overrule

*Long.*[2] He makes no suggestion that the Uniform Commercial Code, which supplanted the Uniform Sales Act, contains any provision requiring departure from that holding. Moreover, appellant has made no real effort to explain how his rights could be prejudiced by the absence of implied warranty instructions, when the jury received full and proper strict liability instructions.

Thus, appellant has demonstrated neither error nor prejudice in the court's refusal to instruct regarding implied warranty.

2. Appellant's contention that the evidence established liability as a matter of law was not presented to the trial court except by motion for a new trial. NRCP 59 does not recognize such a ground for such a motion, at least unless "there is plain error in the record or if there is a showing of manifest injustice." Price v. Sinnott, 85 Nev. 600, 607, 460 P.2d 837, 841 (1969).

Unlike the situation presented in Price v. Sinnott, in the instant case the verdict does not strike our minds "at first blush, as manifestly and palpably contrary to the evidence." 85 Nev. at 608, 460 P.2d at 842. It is far from clear to us that the evidence established, as a matter of law, the defective design of respondent's product.

Affirmed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.

---

[2] Appellant urges that *Long* is "inconsistent" with later cases, particularly Worrell v. Barnes, supra.

In *Worrell,* this court assumed that a cause of action in strict liability could co-exist with one for breach of implied warranty; however, in *Worrell* privity existed between the plaintiff and defendant; hence, *Worrell* is not inconsistent with *Long.*

Appellant also cites Shoshone Coca-Cola v. Dolinski, supra, in which we upheld a judgment entered on the verdict of a jury, who had been properly instructed regarding strict liability in tort. In *Shoshone,* the appellate issue was whether to approve the strict liability doctrine. In *Long,* the appellate issue was whether to extend a different doctrine, implied warranty, to persons not in privity with sellers of goods.

Again, appellant cites Justice Traynor's landmark opinion in Greenman v. Yuba Power Products, Inc., 377 P.2d 897 (Cal. 1962). That case seems of little help to appellant; for in recognizing that there should be strict liability in tort for injuries caused by defectively designed goods, without regard to theories of implied warranty, Justice Traynor noted that strict tort liability is ordinarily simpler to prove than breach of implied warranty. Id., at 901.

Other cited authorities seem equally inapposite.