Chester M. BELCHER and Betty A. Belcher, husband and wife, Plaintiffs-Appellants,

v.

NEVADA ROCK & SAND COMPANY, a Nevada Corporation, Defendant-Appellee.

No. 73–2471.

United States Court of Appeals, Ninth Circuit.

May 19, 1975.

As Amended May 28, 1975.

Rehearing Denied July 30, 1975.

**860**

Paul A. Bible, Reno, Nev., and John L. Runft, Boise, Idaho, for plaintiffs-appellants.

James P. Logan, Reno, Nev., for defendant-appellee.

## OPINION

Before CHAMBERS, ELY and GOODWIN, Circuit Judges.

CHAMBERS, Circuit Judge:

This is a personal injury action brought under the district court's diversity jurisdiction. Defendant Nevada Rock and Sand contracted with the State of Nevada to construct a temporary connecting link between U.S. Highway 40 and a completed portion of Interstate 80 parallel to it. On a night about three months after the completed project was accepted by the state, Belcher was driving westward on U.S. 40. He missed the turnoff to Interstate 80 and swerved into a series of large reflectorized barricades which defendant had placed as a permanent part of the completed project in the "V" formed by the intersection of the old highway and the new connecting link. Belcher alleged that defendant's failure to place warning lanterns on the barricades was the proximate cause of his accident, and he sued to recover damages on theories of negligence, strict liability in tort, and breach of warranty. The district court instructed the jury only on the issue of negligence. After an adverse verdict, Belcher appeals the court's refusal to give instructions on the other two theories.

■■ We agree with the district court that under Nevada law, the doctrines of strict liability in tort and breach of warranty were not applicable to this case as a matter of law. The Nevada rule is clear that contractual privity is a prerequisite for a breach of warranty action. *E. g.,* Amundsen v. Ohio Brass Co., 89 Nev. 378, 513 P.2d 1234 (1973).

■ As to the issue of strict liability, the course of the Nevada law is somewhat less clear. The Nevada courts have adopted section 402A of the Restatement (Second) of Torts, which by its terms applies the doctrine only to suppliers of chattels. Here, defendant was acting as an independent contractor, carrying out the plans of its employer, the state of Nevada, and following the state's standard practice of providing reflectorized but unilluminated permanent barricades. It is argued, however, that Nevada has departed from the *Restatement,* and extended strict liability to independent contractors, contrary to section 403, in Worrell v. Barnes, 87 Nev. 204, 484 P.2d 573 (1971), a case involving a leaky fitting in a gas connecting line supplied and installed by the defendant. We doubt that *Worrell* should be read that broadly, since the court characterized the defendant as the manufacturer and supplier of a product to whom the doctrine of strict liability as well as the state's version of the Uniform Commercial Code applied. 87 Nev. at 208, 484 P.2d at 576. Regardless of how the Nevada courts may choose to interpret *Worrell* in the future, we see no basis for inferring that they will extend strict liability to a contractor who is merely following the plans of his employer where the defect alleged is not in the materials furnished or the workmanship but in the failure of the plans to include

a specific safety feature. Dixon v. Simpson, 74 Nev. 358, 332 P.2d 656 (1958), although considering the contractor's liability for negligence only supports this conclusion.

Accordingly, the judgment of the district court is affirmed.