Karen MANDEVILLE, as personal representative of the Estate of Richard Mandeville, Plaintiff—Appellant,

v.

ONODA CEMENT COMPANY, LTD., Defendant—Appellee.

Nos. 01–16912, 02–17045, 02–17049.

D.C. No. CV–96–00668–RAM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2003.

Decided June 6, 2003.

418

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

The Estate of Richard Mandeville appeals an order granting summary judgment in favor of Defendant Onoda Cement Company. Mandeville also conditionally appeals the amount of the bill of costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

### 1. Breach of Contract

Mandeville first claims that the district court erred in granting summary judgment on count I for breach of contract. This claim lacks merit. The record contains no evidence of any contract, either directly between Onoda and Mandeville or between Onoda and Mandeville's employer, Fairway.

Alleging breach of contract should not be construed as including breach of warranty theories. *See, e.g., Apollo Group, Inc. v. Avnet, Inc.,* 58 F.3d 477, 481 (9th Cir.1995) ("common law warranty claims sound in tort") (Arizona law); *Ellis v. Precision Engine Rebuilders, Inc.,* 68 S.W.3d 894, 897 (Tex.App.2002) ("Because Ellis's claim is based on the receipt of defective goods, he has a breach of warranty cause

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of action, not a breach of contract case."); *cf. Amundsen v. Ohio Brass Co.*, 89 Nev. 378, 513 P.2d 1234, 1235 (1973) ("No one doubts that, unless there is privity, liability to the consumer must be in tort and not in contract. There is no need to borrow a concept from the contract law of sales .... ") (quoting William L. Prosser, *The Assault Upon the Citadel (Strict Liability to the Consumer)*, 69 Yale L.J. 1099, 1133–34 (1960)).

Even if alleging breach of contract implies a breach of warranty claim, and even if vertical privity between a manufacturer and buyer is not required, Nevada still requires horizontal privity (i.e., between the buyer and user) to recover economic damages for breach of warranty. *See Amundsen*, 513 P.2d at 1235 (citing *Long v. Flanigan Warehouse Co.*, 79 Nev. 241, 382 P.2d 399, 403 (1963)). Mandeville's reliance on *Vacation Village, Inc. v. Hitachi America, Ltd.*, 110 Nev. 481, 874 P.2d 744, 747 (1994), is misplaced because it concerns vertical—not horizontal—privity. Horizontal privity is lacking here. *See Amundsen*, 513 P.2d at 1235.

### 2. Misrepresentation

■ Disposition of the negligent and fraudulent misrepresentation claims follows the breach of contract claims. Mandeville's complaint alleged in its third and fourth counts that Onoda had fraudulently and negligently misrepresented the nature of Super Bristar 2000 and thus improperly induced him to enter into a contract. If there is no contract, however, there could not have been a misrepresentation or inducement to enter into a contract. The district court properly dismissed the misrepresentation claims.

### 3. Negligence and Strict Products Liability.

■ Next, Mandeville contends there were genuine issues of material fact that

Super Bristar 2000 was (1) defective and (2) caused injury to Mandeville. The district court found that Mandeville did not make prima facie showings of defect and causation. In this regard, we disagree with the district court.

Much is made of Mandeville's lack of an expert witness. None of the cases cited by Onoda or by the district court create a per se rule that an expert witness is always required in a strict products liability case. Moreover, in a case decided after the district court's decision here, the Nevada Supreme Court specifically stated that "expert testimony is not always necessary to establish the existence of a manufacturing defect." *Krause Inc. v. Little*, 117 Nev. 929, 34 P.3d 566, 571 (2001). The necessity for expert testimony depends upon the claimed defect and whether the subject matter is something an average consumer could understand. *See, e.g., Wernimont v. Int'l Harvestor Corp.*, 309 N.W.2d 137, 141 (Iowa Ct.App.1981) ("Whether expert testimony is required [in a products liability case] ultimately depends on whether it is a fact issue upon which the jury needs assistance to reach an intelligent or correct decision."); *Lynd v. Rockwell Manufacturing Co.*, 276 Or. 341, 554 P.2d 1000, 1005 (1976) (en banc).

Moreover, Mandeville has other evidence that—construed in favor of Mandeville as a court must do at the summary judgment stage—could imply that Super Bristar 2000 was defective. The internal Onoda documents discussing other accidents or "blow-outs" causing blindness, and the Onoda documents giving more specific instructions on usage and warnings (instructions and warnings that differed from the instructions that came with the product used by Mandeville) together create a genuine issue of material fact as to whether the product's warnings were inad-

equate and therefore defective. *See Lewis v. Sea Ray Boats, Inc.*, 65 P.3d 245, 249 (Nev.2003) ("Under Nevada law, 'strict liability may be imposed even though the product is faultlessly made if it was unreasonably dangerous to place the product in the hands of the user without suitable and adequate warning concerning safe and proper use.'") (quoting *Outboard Marine Corp. v. Schupbach*, 93 Nev. 158, 561 P.2d 450, 453 (1977)).

Even if evidence of other accidents generally is not admissible absent substantially similar conditions, *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 889 (9th Cir.1991), the internal documents provide some indication of Onoda's knowledge when it created the warning sheet. The warning sheet instructed on use in general conditions, not only in substantially similar conditions to the accident in question.

Further, the district court improperly relied only on the testimony of Manuel Carranco's version of the accident (testimony that differed from Mandeville's) in establishing a lack of causation. This was improper at a summary judgment stage. *See Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir.1999) (en banc).

In sum, there are questions of fact as to whether Onoda was negligent in providing inadequate warnings and thus whether its product was defective, as well as to the extent of causation (i.e., whether the lack of proper warnings caused Mandeville's injuries). We therefore remand for further proceedings on negligence and strict products liability. Because there is a question of fact regarding causation, we need not reach whether the doctrine of res ipsa loquitor applies.

### 4. Emotional Distress

The district court dismissed the negligent infliction of emotional distress claim because it determined that Mandeville could not prove negligence as a prerequisite. Because we remand the negligence claim, we also remand the negligent infliction of emotional distress claim. Similarly, because there are questions of fact regarding Onoda's prior knowledge of potential dangers, we remand for further proceedings on intentional infliction of emotional distress.

### 5. Bill of Costs

Appeal nos. 02–17045 and 02–17049 concern the district court's award against Mandeville on Onoda's bill of costs. Because we remand for further proceedings on the merits, we vacate the district court's award of costs.

AFFIRMED IN PART, VACATED IN PART AND REMANDED. Appellant shall recover costs on appeal.